[No. 6789.]

SMITH v. DENVER & RIO GRANDE RAILROAD CO.

RAILROAD COMPANY—*Liability for Fire Negligently Set Out—Limitation*—Section 5512 of the Revised Statutes does not create or include a liability founded upon negligence. It is cumulative to the common law. The limitation of two years there prescribed has no application to an action founded on negligence in setting out a fire.

*Error to Denver District Court.*—Hon. CARLTON M. BLISS, *Judge.*

Mr. CARLE WHITEHEAD and Mr. ALBERT L. VOGL, for plaintiff in error.

Mr. E. N. CLARK, Mr. T. L. PHILIPS and Mr. J. T. McMURRY, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

Henry Smith filed his complaint below to recover damages for property alleged to have been destroyed by fire negligently set out and caused (for the purposes of this case) by the defendant railroad company. It appears from the allegations of the complaint that the action was brought three years and five months after the fire occurred. To the complaint the defendant interposed, by special demurrer, a plea of the two years statute of limitations contained in the railroad fire statute. The demurrer was sustained. The plaintiff, electing to stand

by his complaint, has brought here for review the action of the court in sustaining the demurrer, dismissing the complaint and rendering judgment against him for costs. Our railroad fire statute, sec. 5512, Rev. Stat., passed in 1903, so far as it is relevant to this case, is as follows:

"Every railroad company operating its line of road, or any part thereof, within this state shall be liable for all damages by fires that are set out or caused by operating any such line of road, or any part thereof, in this state, whether negligently or otherwise; and such damages may be recovered by the party damaged, by the proper action, in any court of competent jurisdiction; *provided,* the said action be brought by the party injured within two years next ensuing after it accrues."

The rest of the section provides that the liability imposed shall inure solely in favor of the owner or mortgagee of the property damaged or destroyed and forbids the passing of the right of action by assignment or subrogation in favor of any insurance company that has insured the property. It is the contention of the plaintiff that the action which he commenced is not the action contemplated in the statute, but is what he denominates a common law action for negligence, and that, therefore, the limitation of the statute does not apply. On the other hand, the defendant contends that the statute covers the whole law with regard to damages for fire set out or caused by the operation of railroads and that the action commenced by plaintiff is barred by the statute.

In 1874, the legislative assembly of Colorado territory passed an act substantially the same as the portion of section 5512 quoted above, except that it did not contain the words "whether negligently or otherwise," and in which the period of limitation was three years. Sess. Laws 1874, p. 225; Gen. Laws 1877, sec. 2237. In 1887, sec. 2237, aforesaid, was amended, leaving it the same as before except that there was added a provision for the appraisement of damages. Sess. Laws 1887, p. 368.

Under the statutes, as they existed prior to the act of 1903, the liability of a railroad company for damages by fires set out or caused by operating a road was absolute and the question of negligence was eliminated. Whether the fire was set out or caused by the operation of the road and the amount of damages were the questions for determination.— *U. P. Ry. Co. v. De Busk*, 12 Colo. 294; *Garnet Co. v. Sampson*, 48 Colo. 285; *Denver etc. R. R. Co. v. De Graf*, 2 Colo. App. 42; *U. P. Ry. Co. v. Arthur*, 2 Ib. 159.

The act of 1903 is the same in this regard as the previous statutes. Under it a railroad company is unconditionally liable for damages by fire set out or caused by operating the road whether negligently or otherwise.—*British-Amer. Assur. Co. v. C. & S. Ry. Co.*, 52 Colo. 589; 125 Pac. 508.

It is plain that the words "whether negligently or otherwise," in the statute, only emphasize the absolute liability imposed, and that instead of putting negligence in the statute as an element to be considered these words exclude it. To recover under this statute, plaintiff need not allege or prove negligence. The gist of the action is the setting out or causing of the fire by operating the road. Negligence is eliminated. It is such a liability that is fixed by the statute and it is an action to recover on such a liability that is barred in two years. The action instituted by plaintiff is not such an action. He did not attempt to hold the railroad company under its statutory liability for the destruction of the property by fire set out or caused by operating the road. What he did was to institute an action to recover damages for the destruction of property by fire negligently set out or caused by the company. The gist of his action was negligence in setting out and causing the fire. He took upon himself the burden of proving this negligence. In the action instituted by him he would not only have to prove that the railroad company set out or caused the fire, but also that it was set out or caused through the negligence of the company. The complaint states an ordinary cause of action for damages occasioned by the negligence of

a defendant.  It is familiar law that he who is guilty of actionable negligence, that is the proximate cause of injury to another, may, in an appropriate action, be made to respond for the damage resulting to the injured party who is not chargeable with contributory negligence.  The liability for such damage exists independent of statute, and certainly it can only be taken away, if at all, by statutory provisions that are express and clear.  The statute in question does not create or comprehend a liability, founded on negligence.  The statutory liability is imposed whether negligence is present or not.  Certainly a statute can not take away or abolish something that it does not embrace either expressly or impliedly, nor can the limitation of a statute bar an action on a liability which the statute does not comprehend.  The statute imposes an absolute liability for damages by fire set out or caused by operating a railroad, and limits the time within which an action may be begun for such damages.  How can such a statute be said to include the liability of a railroad company based upon its negligence in setting out or causing a fire, or to limit the time within which an action may be begun to recover damages for such negligence?  Any other person or company is liable in an action based on negligence for damages by fire negligently set out or caused.  It can not be said that a statute imposing an unconditional liability for fire set out or caused in a particular manner, whether negligently or otherwise, exempts a railroad company from a liability for negligence that all other persons must endure, or that such a statute will favor a railroad company with a period of limitation not enjoyed by others who may be sued upon a like liability for negligence.  It may be, though the fact does not appear from the complaint, that the alleged fire was set out or caused by operating the road.  The defendant seems to treat the complaint as alleging that fact.  If that was so, plaintiff, within the two years, might have begun an action to recover on the absolute liability imposed by the statute.  It is not probable that within that time a plaintiff would endeavor to recover damages in an

action for negligence that might be recovered in an action in which negligence cuts no part. That is not saying, however, that a plaintiff cannot, if he chooses, nor can a defendant complain, if he does, take upon himself the needless burden of negligence. A plaintiff can recover such damages but once. If he recovers under the statute his right of action for negligence is gone and *vice versa*. If, however, the statutory right of action is barred by the limitation of two years that fact certainly cannot bar his action for negligence when the statute does not include or contemplate a liability for negligence, nor an action to enforce such liability.

Our view of the statute of 1903 is expressed in *C. & F. Lumber Co. v. D. & R. G. R. R. Co.*, 17 Colo. App. 275, at 288, wherein our court of appeals, in speaking of the statute of 1887, said:

"In *Railway Co. v. Henderson*, 10 Colo. 2, our supreme court in construing the stock killing statute, says: 'The statute is in our judgment simply cumulative. The object of the legislature was not to interfere with the owner's existing rights, but owing to the difficulty of establishing negligence, to give him additional relief.' This language is, we think, equally applicable to the fire statute. Nowhere in the statutes, either within the fire statute itself, or elsewhere, is the slightest intent manifested to substitute this for the common-law remedy of a party, and entirely abolish the latter, and to so hold would in our opinion be a judicial assumption without authority or support."

The defendant concedes the correctness of that decision under the law of 1887, but contends, as we understand, that the addition of the words "whether negligently or otherwise," in the statute of 1903, abolished the liability for negligence and the remedy based thereon, or perhaps its contention is that these words show an intent to abolish the pre-existing remedy for negligence. As has been said, and as appears clear, these words have the effect and can serve no other purpose than to leave no doubt that the liability imposed by the

statute exists whether the fire was caused by negligence or not, so long as it was set out or caused by operating the road, or any part of it, and they thus made no change in the statute in that respect.—*British-Am. Assur. Co. v. C. & S. Ry. Co., supra.* These words exclude negligence as an element in the doing of the act for which the statutory liability is imposed and from consideration in the use of the remedy afforded, and plainly they are not to be considered as relating to another remedy in which negligence is included as an element. In other words, their use is to exclude negligence from consideration in the liability created and the remedy afforded by the statute and not to abolish another right of action in which negligence is to be considered.

The plaintiff was, therefore, by his complaint, prosecuting a right of action to which he was entitled and which did not appear on the face of the complaint to be barred by the two years statute of limitations in question. This being so, the ruling of the court in sustaining the demurrer was wrong, and the judgment is, therefore, reversed and the cause remanded with instructions to overrule the demurrer and to proceed with the action in accordance with the views herein expressed and as the law provides.

*Reversed and remanded with instructions.*

Mr. JUSTICE WHITE and Mr. JUSTICE GARRIGUES concur.