DENVER & R. G. R. CO. v. UNITED STATES.

UNITED STATES v. DENVER & R. G. R. CO.

(Circuit Court of Appeals, Eighth Circuit. March 28, 1917.)

Nos. 4790, 4791.

1. COMMON LAW ⟨⟩13—ADOPTION AND AUTHORITY.

With the exception that the federal Constitution must be construed in the light of the common law and its history, there is no national common law distinct from that of England, as adopted by each state for itself and subject to such alteration as may be provided by its own statutes.

[Ed. Note.—For other cases, see Common Law, Cent. Dig. § 11.]

2. LIMITATION OF ACTIONS ⟨⟩165—OPERATION AND EFFECT—EFFECT ON LIABILITY.

Act Colo. April 9, 1903 (Laws 1903, p. 404), making railroad companies liable for damages by fires set out or caused by operating any road, whether negligently or otherwise, provided action be brought within two years, creates a cause of action which did not exist at common law, and the failure to bring suit within the time prescribed acts as a limitation of the liability itself.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 649.]

3. LIMITATION OF ACTIONS ⟨⟩11(1)—LIMITATIONS AGAINST GOVERNMENT.

While the government is bound by no statute of limitations in a suit brought by it as a sovereign to enforce a public right, when it sues a railroad company under Act Colo. April 9, 1903, for the value of timber on government land destroyed by fire it sues as a property owner with no greater rights or privileges than other property owners, and its action is barred when not brought within the time prescribed by the statute.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 35, 36.]

4. RAILROADS ⟨⟩475—FIRES—ACTIONS—LIMITATIONS.

In an action against a railroad company for the value of timber destroyed by fire, one cause of action alleged that defendant while operating its road, set on fire inflammable material which it had negligently allowed to accumulate on its right of way, and negligently permitted such fire to spread to plaintiff's land. Another cause of action alleged that it negligently failed to equip and operate its locomotive so as to prevent the escape of fire, that fire escaped, setting fire to inflammable material, etc. *Held*, that each cause of action came within the statute imposing liability (Act Colo. April 9, 1903) and was subject to the limitations therein prescribed.

5. COURTS ⟨⟩365—UNITED STATES COURTS—STATE LAWS AS RULES OF DECISION.

Where, before the bringing of an action in a federal court against a railroad company for the destruction of timber by fire, the state Supreme Court held that a statute imposing liability was cumulative of the common law, but, subsequently and before the trial of the action in the federal court, overruled such decision and held that the statute was exclusive, the federal court would follow the last construction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by the United States against the Denver & Rio Grande Railroad Company. Judgment for plaintiff for an insufficient amount, and each party brings error. Reversed and remanded, with directions.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. I. Hollingsworth, Asst. U. S. Atty., of Denver, Colo. (Harry B. Tedrow, U. S. Atty., of Boulder, Colo., on the brief), for the United States.

E. N. Clark and R. G. Lucas, both of Denver, Colo., for defendant.

Before CARLAND and STONE, Circuit Judges, and RINER, District Judge.

RINER, District Judge. August 31, 1914, the United States, hereafter referred to as the plaintiff, brought this action against the Denver & Rio Grande Railroad Company, hereafter referred to as the defendant, to recover damages for the destruction by fire of certain timber upon lands owned by the plaintiff. Three causes of action are set out in the complaint. In the first cause of action it is alleged that the defendant was operating a line of railroad in Huerfano county, Colo., and that:

"On, to wit, June 1, 1908, the said defendant was operating its line of road in said county and state, near said lands of plaintiff, and then and there, while so operating its said line of road, unlawfully set out a fire near said lands of plaintiff, which fire was caused by defendant's operation of its line of road, and thereby unlawfully set on fire, burned, destroyed and injured plaintiff's said timber on said lands."

In the second cause of action it is alleged that:

"On or about June 1, 1908, and prior thereto, the defendant while operating its said line of road in said county and state, knowingly, negligently and unlawfully permitted inflammable material, to wit, dead timber, brush, dry grass and leaves, to be and remain on the right of way of its said line of road near said lands of plaintiff, and on, to wit, June 1, 1908, said defendant, while operating its line of road near said lands, set on fire the said inflammable material on its said right of way, near said lands and timber, and carelessly, negligently and unlawfully permitted said fire to spread to the said lands and timber of plaintiff, and to burn, destroy and injure plaintiff's said timber on said lands."

In the third cause of action it is alleged that:

"On or about June 1, 1908, and prior thereto, said defendant, while operating its said line of road in said county and state, near said lands and timber of plaintiff, knowingly, negligently and unlawfully permitted inflammable material, to wit, dry grass, leaves, brush and dead timber, to be and remain on its right of way near plaintiff's said lands; and defendant on, to wit, June 1, 1908, while running its locomotive and train on said line of road in said county and state, near said lands of plaintiff, by reason of its negligent and unlawful failure to equip and operate its said locomotive so as to prevent the setting on fire of any tree growths along or adjacent to its right of way, and by reason of its negligent and unlawful failure to equip said locomotive with sufficient safety appliances so as to prevent sparks, red-hot cinders and burning coal escaping therefrom, carelessly, negligently and unlawfully permitted live sparks, red-hot cinders and burning pieces of coal to escape from its said locomotive and set on fire said inflammable material on said right of way near plaintiff's lands, which fire so started, was by defendant negligently permitted to spread to plaintiff's lands and timber, as aforesaid, and to burn, destroy and injure plaintiff's said timber."

The description of the plaintiff's lands and the allegations of damage are the same in each cause of action.

The defendant interposed a demurrer to each cause of action on the ground that the facts stated therein were not sufficient to constitute a

cause of action, in that it appeared upon the face of the petition that the action was not brought within two years next ensuing after the cause of action accrued, as required by an act of the General Assembly of Colorado, approved April 9, 1903, entitled:

"An act to provide a liability against railroad companies for damages caused by fire and to repeal all acts and parts of acts in conflict therewith."

August 28, 1916, the trial court sustained the demurrer to the first cause of action and overruled the demurrers to the second and third causes of action. The parties having elected to stand upon the complaint and demurrers entered into a written stipulation as to the amount of the damages to be recovered and the court entered a judgment in favor of the plaintiff and against the defendant on the third cause of action in the sum of $1,412.58. Both parties excepted and sued out separate writs of error to review the rulings and orders of the court below.

[1] The plaintiff's right to recover in this case is necessarily grounded upon a right of action given by some statute, either national or state, or upon a common-law right of action, recognized as such either by the United States or the state in which the action was brought. That there is no common law of the United States, in the sense of a national customary law, distinct from the common law of England, as adopted by the several states each for itself, applied as its local law, and subject to such alteration as may be provided by its own statutes (with the one exception that the interpretation of the Constitution of the United States is necessarily influenced by the fact that its provisions are framed in the language of the English common law, and are to be read in the light of its history), is too well settled to require more than the citation of a few of the many cases in which the question has been considered.

In Lorman v. Clarke, 2 McLean, 568, Fed. Cas. No. 8,516, the court said:

"No foreign principle attaches to the federal court in exercising its powers within the state. It gives effect to the local law, under which the contract was made, or by virtue of which the right is asserted."

In Wheaton v. Peters, 8 Pet. (33 U. S.) 591, 8 L. Ed. 1055, in the course of its opinion the court said:

"It is clear there can be no common law of the United States; the federal government is composed of 24 sovereign and independent states, each of which may have its local usages, customs and common law; there is no principle which pervades the Union, and has the authority of law, that is not embodied in the Constitution or laws of the Union. The common law could only be made a part of our system by legislative adoption. When a common-law right is asserted, we look to the laws of the state in which the controversy originated."

And in Bucher v. Cheshire Railroad Co., 125 U. S. 555, 8 Sup. Ct. 974, 31 L. Ed. 795, the Supreme Court again had occasion to notice this question and Mr. Justice Miller restates the rule as follows:

"There is no common law of the United States, and yet the main body of the rights of the people of this country rest upon and are governed by principles derived from the common law of England, and established as the laws of the different states. Each state of the Union may have its local usages,

customs, and common law. * * * When, therefore, in an ordinary trial in an action at law we speak of the common law we refer to the law of the state as it has been adopted by statute or recognized by the courts as the foundation of legal rights."

[2] There has been no legislation by Congress providing a right of action in cases of this character; therefore, if the plaintiff can recover at all, the right to do so must exist by reason of some statute of the state or by virtue of some common-law rule adopted by the state or recognized by its courts authorizing a recovery in such cases. The statute of Colorado above referred to, and upon the construction of which this controversy turns, reads as follows:

"Section 1. Every railroad company operating its line of road, or any part thereof, within this state shall be liable for all damages by fires that are set out or caused by operating any such line of road, or any part, thereof, in this state, whether negligently or otherwise; and such damages may be recovered by the party damaged, by the proper action, in any court of competent jurisdiction; Provided, the said action be brought by the party injured within two years next ensuing after it accrues; and provided further, that the liability herein imposed shall inure solely in favor of the owner or mortgagee of the property so damaged or destroyed by fire; and the same shall not pass by assignment or subrogation to any insurance company that has written a policy thereon; Provided, that nothing in this act shall be held to apply to or in any manner affect any right which has accrued prior to the passage hereof or any cause or suit now pending.

"Sec. 2. All acts and parts of acts in conflict with this act are hereby repealed."

This statute imposes upon the railroad company an absolute liability and clearly creates, as we view it, a cause of action which did not exist at common law. The statute provides that suit must be brought within two years, and we think a failure to bring the suit within the time prescribed by the statute acts as a limitation of the liability itself, and in this respect differs from the ordinary statutes of limitation which affect the remedy only. We do not deem it necessary to do more than call attention to one or two of the many cases where this question has been before the courts.

In Davis v. Mills, 194 U. S. 451, 24 Sup. Ct. 692, 48 L. Ed. 1067, the court said:

"The ordinary limitations of actions are treated as laws of procedure and as belonging to the lex fori, as affecting the remedy only and not the right. But in cases where it has been possible to escape from that qualification by a reasonable distinction courts have been willing to treat limitations of time as standing like other limitations and cutting down the defendant's liability wherever he is sued. The common case is where a statute creates a new liability and in the same section or in the same act limits the time within which it can be enforced, whether using words of condition or not."

In Theroux v. Northern Pacific Railroad Co., 64 Fed. 84, 12 C. C. A. 52, this court, after citing several cases, among them the case of Pittsburg, C. & St. L. Railroad Co. v. Hine, 25 Ohio St. 629, where it was decided that a proviso contained in the statute creating a new cause of action which limited the right to sue, to two years is a condition qualifying the right of action, and not a mere limitation of the remedy, said:

"It must be accepted, therefore, as the established doctrine, that where a statute confers a new right, which by the terms of the act is enforceable by

suit only within a given period, the period allowed for its enforcement is a constituent part of the liability intended to be created, and of the right intended to be conferred."

The time fixed by the statute within which an action may be brought is a condition of the right to sue at all, and a complaint which fails to state that the action was brought within that time fails to state a cause of action and is subject to demurrer. B. & M. R. R. Co. v. Hurd, 108 Fed. 117, 47 C. C. A. 615, 56 L. R. A. 193; Kavanagh v. Folsom (C. C.) 181 Fed. 401; American Railway Co. v. Coronas, 230 Fed. 545, 144 C. C. A. 599, L. R. A. 1916E, 1095; The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 30 L. Ed. 358.

[3] In this case the fire occurred in June, 1908, and the action was commenced in August, 1914, more than six years after the cause of action accrued. It cannot, therefore, be maintained, unless the fact that the government is the plaintiff relieves it from the limitation fixed by the statute. It is established law that the government is not bound by any statute of limitations in a suit brought by it as a sovereign to enforce a public right, and the question at once arises, Is this such a suit? We think not, but rather a suit by it, as a body politic or artificial person having the power to hold property as other persons, natural or artificial, to enforce a civil right. As a corporation or body politic the plaintiff may undoubtedly bring suit to protect its property located in any state, either in the state courts or in its own tribunals administering the same laws. As an owner of property it has the same right to have it protected by local laws that other persons have. Cotton v. United States, 11 How. (52 U. S.) 229, 13 L. Ed. 675; Camfield v. United States, 167 U. S. 518, 17 Sup. Ct. 864, 42 L. Ed. 260; Bly v. United States, Fed. Cas. No. 1518. Its rights and remedies in relation to its property are usually such as apply to other landowners within the state where the action is brought and it is to be treated like other persons owning lands therein and subject to local laws. United States v. Smith, 94 U. S. 214, 24 L. Ed. 115; United States v. Stinson, 197 U. S. 200, 25 Sup. Ct. 426, 49 L. Ed. 724; Handford v. United States, 92 Fed. 881, 35 C. C. A. 75; Hemmer v. United States, 204 Fed. 898, 123 C. C. A. 194; United States v. Detroit Lumber Co., 131 Fed. 668, 67 C. C. A. 1. In Walker v. United States (C. C.) 139 Fed. 409, the court said:

"The underlying principle of all the decisions is that, when the sovereign comes into court to assert a pecuniary demand against the citizen the court has authority, and is under duty, to withhold relief to the sovereign, except upon terms which do justice to the citizen or subject, as determined by the jurisprudence of the forum in like subject-matter between man and man."

And in Mountain Copper Co. v. United States, 142 Fed. 625, 73 C. C. A. 621, which was a suit to enjoin the continuance of a nuisance, in the course of its opinion the court said:

"In considering the case it is important to remember that the question to be determined is one between the United States and the defendant company only; the government suing, not in its sovereign capacity, but as a landowner, to enjoin alleged injuries to its property, not directly, but indirectly, through the maintenance of an alleged nuisance by the defendant on its own property. * * * It is the well-established law that, when the government comes into

a court asserting a property right, it occupies the position of any and every other suitor. Its rights are precisely the same; no greater, no less."

From the foregoing and many other cases that might be cited to the same effect, it will be seen that in this class of actions the plaintiff has no special privileges as a litigant. Its rights are no greater, no higher, no better, and no less than those of an individual. It is perfectly clear that, if this action had been brought by a private landowner, it could not be maintained under this statute, and we think the plaintiff is in no better position. The District Court, therefore, properly sustained the demurrer to the first cause of action.

[4] We think the second and third causes of action also come within the statute. The language is that the railroad company shall be liable "for all damages by fires that are set out or caused by operating any such line of road, or any part thereof, in this state, whether negligently or otherwise." The allegation in the second cause of action, that while operating its line of road the defendant set on fire inflammable material which it had negligently allowed to accumulate on its right of way and negligently permitted such fire to spread to the plaintiff's lands, causing the damage complained of, is but a statement of one of the evils aimed at by the statute and which it was designed to prevent. To be actionable the negligence must be the proximate cause of the injury, and the proximate cause, as clearly appears from the allegations in this cause of action, was the setting out of the fire and negligent accumulation of inflammable material on the right of way. The statute applies to all cases where the fire results from the operation of the railroad, and, as said by the Supreme Court of Kansas in discussing a similar statute:

"It is not confined to fire escaping from locomotives, but applies to all cases where the damage was caused by fire arising from any step in the operation of the road. The roadway and track of the company are as essential to the operation of the railroad as the locomotives or the other equipment." Missouri Pacific Ry. Co. v. Merrill, 40 Kan. 404, 19 Pac. 793.

In the third cause of action it is alleged that the defendant while operating its line of road negligently failed to equip and operate one of its locomotives so as to prevent the escape of fire therefrom, that fire did escape from the locomotive, setting fire to inflammable material which the defendant had negligently permitted to accumulate on its right of way, and that the fire spread to plaintiff's lands and caused the damage. This we think clearly states a case within the statute, for it charges the failure to so equip a locomotive used in the operation of the road as to prevent the escape of fire therefrom. The allegation that it did so negligently can make no difference because the statute makes the company liable for all damages by fire set out or caused by operating the road "whether negligently or otherwise."

[5] That the statute under discussion embodied the entire law on the subject of the liability of a railroad company for fire set out or caused by it in the operation of its road in Colorado was, on the 5th of June, 1916, expressly decided by the Supreme Court of that state in the case of Rhinehart et al. v. D. & R. G. R. R. Co., 158 Pac. 149, over-

ruling a former decision of that court upon the subject. The court said:

"But we cannot agree that such language as 'whether negligently or otherwise' was not intended to embrace the entire law upon the subject. It conveys the intention that in either case the plaintiff has the right to recover under the statute. It imposes a liability for fires negligently set out; otherwise it would not have said so. In this respect it supersedes the common law."

But it is suggested in the brief for the plaintiff that by reason of a decision of the Supreme Court of Colorado, in the case of Smith v. Denver & Rio Grande R. R. Co., 54 Colo. 288, 130 Pac. 1009, handed down in 1913 and prior to the time this action was brought, but overruled before it was tried, holding that the statute was not an exclusive remedy, but cumulative of the common law, two remedies were available to the plaintiff, one based upon the statute, and the other upon the common law of the state. To this proposition we cannot assent for the reason, as stated by the Supreme Court in the case of Chicago & Alton Railroad Co. v. Tranbarger, 238 U. S. 67, 35 Sup. Ct. 678, 59 L. Ed. 1204:

"No person has a vested right in any general rule of law or policy of legislation entitling him to insist that it shall remain unchanged for his benefit."

See, also, New York, New Haven & Hartford R. R. Co. v. Walsh, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44.

That this court will follow the construction given to a statute of a state by the highest tribunal of such state is too well settled to require the citation of authority. It follows from what we have said that there can be no recovery in this case.

The judgment of the District Court must therefore be reversed, and the case remanded to that court, with instructions to set aside the judgment and to enter an order sustaining the demurrers to the second and third causes of action.