## UNITED STATES v. SAN DIEGO COUNTY.

### Civ. No. 843.

District Court, S. D. California, S. D.
Nov. 7, 1947.

Robert G. Berrey, of San Diego, Cal., for the United States.

James Don Keller, Dist. Atty., and Carroll H. Smith, Chief Trial Deputy, both of San Diego, Cal., for San Diego County.

YANKWICH, District Judge.

The several motions of the defendant, County of San Diego, heretofore argued and submitted, are now decided as follows:

1. The motion of the defendant, County of San Diego, to dismiss the complaint is granted as to the first and second causes of action and denied as to the third and fourth causes of action.

2. The motion of the defendant, County of San Diego, for a more definite statement is denied.

Leave is granted to the plaintiff to amend the first and second causes of action or the entire complaint, within twenty days if so advised, to conform with the views about to be expressed.

■ The Court is of the view that because the contract on which the action is based provided that the "permittee agrees to pay to the Forest Service, on demand, any and all expenses incurred by the United States in suppressing fire caused by the permittee or its agent that is responsible for the construction of this road", the first and second causes of action are defective in not alleging such demand.

■ The Court has given careful consideration to the points made by the County of San Diego that all causes of action are defective because the contract under which they are brought is ultra vires and the Government has not complied with the provisions of Section 4075 of the Political Code of California requiring the presentation of a formal claim prior to instituting action. I am of the view that neither point is well taken.

As one of the main governmental functions of the county relates to the maintenance of public roads (California Streets and Highways Code, Sec. 940), it has the power to enter into contracts to exercise such power. California Political Code, Sec. 4003(3). While it is true that in dealing with public corporations, the "mode

620

is the measure of the power," it would be neither good law nor good ethics to hold that the county can seek from the sovereign government of the United States a benefit —a right of way through the public domain —which it could not obtain in other manner, agree to reimburse the Government for fires caused by itself or those charged with road construction, and then plead lack of power in order to avoid the consequence of such contract solemnly entered into for its own benefit by its chief legislative body. Nor is there substance to the contention that the Government of the United States must, as a condition precedent to recovery, comply with the requirements of the Political Code relating to the manner of presenting claims prior to instituting actions. The claim here arises under a contract for which the county would be liable as any other public body would be, in the absence of any statute. For if there is one thing that common law holds sacred, it is the right of contract and liability for breach. Conceding that so far as private persons are concerned, the condition precedent prescribed by the Political Code, the presentation of a claim, is the sine qua non of recovery, the requirement is not binding on the Government. The Government entered into this contract acting in its sovereign capacity. As such, it granted privileges to the county on certain conditions. One of the conditions was that the county solemnly agreed to reimburse the Government for expenditures in extinguishing fires caused by the county or its agents in charge. The right to recover under a contract of this character cannot be defeated by appeal to a state statute prescribing the manner of presenting a claim prior to bringing suit and cases holding such presentation mandatory. The Courts of the United States have held repeatedly that restrictions on the right of the Government to sue, whether in the form of limitations, laches or conditions precedent, such as presenting a claim in probate and the like, do not bind the Government. The following are among the leading cases on the subject: United States v. Whited and Wheless, 1918, 246 U.S. 552, 561, 38 S.Ct. 367, 62 L.Ed. 879; Chesapeake & Delaware Canal Co. v. United States, 1919, 250 U.S. 123, 125, 39 S.Ct. 407, 63 L.Ed. 889; United States v. Minnesota, 1926, 270 U.S. 181, 191, 46 S.Ct. 298, 70 L.Ed. 539; Board of Commissioners v. United States, 1939, 308 U.S. 343, 351, 60 S.Ct. 285, 84 L.Ed. 313; United States v. Summerlin, 1940, 310 U.S. 414, 415, 60 S.Ct. 1019, 84 L.Ed. 1283; Pond v. United States, 9 Cir., 1901, 111 F. 989; McKnight v. United States, 9 Cir., 1904, 130 F. 659; United States v. Miller, 8 Cir., 1928, 28 F.2d 846, 61 A.L.R. 405; Stroud v. Johnston, 9 Cir., 1943, 139 F.2d 171; United States v. City of Minneapolis, D.C.Minn, 1946, 68 F.Supp. 585.

Hence the above ruling.