**UNITED STATES of America,**
**Plaintiff,**

**v.**

**MAGNOLIA MOTOR & LOGGING CO.,**
a corporation, Yellow Creek Logging
Company, a corporation, and Paragon
Plywood Corporation, a corporation, Defendants.

**Civ. No. 8422.**

United States District Court
N. D. California, N. D.

Aug. 15, 1962.

Robert S. Marder, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Avakian & Johnston and Jerry Phelan, Oakland, Cal., for defendants.

HALBERT, District Judge.

The United States has brought this action for damages to recover for the loss of certain timber alleged to have been taken from public lands situated in Del Norte County, and within the territorial jurisdiction of this Court. Legal jurisdiction of this Court is predicated on Title 28 U.S.C. § 1345. The Government contends that it has been damaged in the amount of $27,933 by such loss, and is bringing this action for $83,799 damages, relying therefor on the provisions of California Civil Code, §

3346. That section provides for treble damages in cases involving wilful injuries to timber or trees.[1]

Defendant Yellow Creek Logging Company has set forth two motions in response to the Government's action. First, Yellow Creek moves to dismiss the action. Second, Yellow Creek moves to strike certain portions of the Government's complaint. The language attacked by said motion is that involving the allegations of treble damages under § 3346.

The acts, of which complaint is here made, occurred, according to the Government's allegations, during the period commencing April 1, 1953, and ending December 30, 1954. The complaint herein was filed on February 9, 1962, or slightly more than seven years subsequent to the last of the acts of which complaint is made. Defendant Yellow Creek contends that at least to the extent that the Government seeks damages exceeding its actual detriment ($27,933), the action is barred both by applicable federal and state statutes of limitation. The motion to dismiss and the motion to strike are each based upon this contention and can be considered together.

In essence, Yellow Creek contends that the Government is barred from bringing this action, *insofar as it involves an action for a penalty*. No contention is made by Yellow Creek that any applicable statute of limitations has run against the Government with reference to its action for actual damages. Indeed, no such contention would be proper. No federal statute of limitations exists in tort actions insofar as the Government is concerned. The general rule is that the United States is not barred by state statutes of limitation (United States v. Miller, 8 Cir., 28 F.2d 846, 61 A.L.R. 405; and see United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283).

The penalty aspect of the Government's case is another matter. The general rule just noted does not apply to state-created statutory causes of action (Compare United States v. Miller, supra, with Denver & Rio Grande R. Co. v. United States, 10 Cir., 241 F. 614). As to the latter, state statutes of limitation have been held properly applicable even as against the United States (Denver & Rio Grande R. Co. v. United States, supra).

■ Yellow Creek relies on the language of § 2462 of Title 28 U.S.C., regarding the applicability of a federal statute of limitations to actions for penalties. Section 2462 provides:

"Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the

1. Section 3346 provides, in pertinent part, as follows:

"(a) For wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such sum as would compensate for the actual detriment, except that where the trespass was casual or involuntary, or that the defendant in any action brought under this section had probable cause to believe that the land on which the trespass was committed was his own or the land of the person in whose service or by whose direction the act was done, the measure of damages shall be twice the sum as would compensate for the actual detriment, and excepting further that where the wood was taken by the authority of high-

way officers for the purpose of repairing a public highway or bridge upon the land or adjoining it, in which case judgment shall only be given in a sum equal to the actual detriment."

Subdivision (c) of § 3346 provides that any action for damages under that section must be commenced within five years from the date of the trespass. That limitation is inapplicable in this action, however, since it was added to the statute in 1957. Since this is a penal statute (Crofoot Lumber, Inc. v. Ford, 191 Cal. App.2d 238, 247, 12 Cal.Rptr. 639; Helm v. Bollman, 176 Cal.App.2d 838, 841, 1 Cal.Rptr. 723; and Swall v. Anderson, 60 Cal.App.2d 825, 828, 141 P.2d 912), the new five year statute of limitations cannot be applied retroactively.

claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

The Government argues that § 2462 does not apply to fines or penalties accruing under state law, but rather has application only to penalties created by federal law. Yellow Creek points out that the statute is not in terms so limited (It refers to "any" penalty.); that the present wording is the result of a 1948 amendment to former § 791 of Title 28, which had set forth a five year statute of limitations for any suit for any "penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States"; and that the present statute has specifically deleted that language.

Although it is true that the language of § 2462 is couched in terms of "any" proceeding for the enforcement of a penalty, the legislative history of that section indicates that no substantial change was intended from former § 791 (80th Congress House Report No. 308). While legislative history cannot be used to controvert the clear meaning of a statute (See: In re Shear, D.C., 139 F.Supp. 217), a statute must be interpreted with reference to the entire subject with which it deals. Noteworthy in this respect is the fact that § 2461 of Title 28 U.S.C. (the preceding section, dealing with the mode of recovery) reads in terms of allowing action for a civil fine, penalty or pecuniary forfeiture as prescribed *for the violation of an Act of Congress*. The legislative history, taken together with the specific language of § 2461, indicates an intent to limit the sections within Chapter 163 of the Judicial Code (§ 2461 et seq.) to violations of Acts of Congress, and not to include reference to state proceedings.

Yellow Creek contends that since no federal treble damage statute exists (If one did exist, its application in the present case would be barred by § 2462.), to permit the United States to pursue a claim free of that limitation would result in the United States having a greater right by virtue of the absence of a federal statute than it would have if one actually existed. As to this issue, however, Yellow Creek's position is well taken only if the applicable state statute of limitations cannot be applied to the United States. It is only where no state statute of limitations at all can be applied that a disparity exists. A mere difference in applicable periods of limitation, according to different state statutes (or a difference between the state and federal periods of limitation) cannot be considered as creating an unfair advantage, where the cause of action upon which suit is brought is itself state-created.

The law appears to be settled that, as to common law actions, no state statute of limitations can be made to apply to the United States (United States v. Miller, supra). The law also appears to be that, as to causes of action specifically created by state law, state statutes of limitation are applicable to the United States (Denver & Rio Grande R. Co. v. United States, supra). The Government relies upon Title 43 C.F.R. § 288.1, which reads as follows:

"The rule of damages to be applied in cases of timber, coal, oil, and other trespass in accordance with the decision of the Supreme Court of the United States in the case of Mason et al. v. United States (260 U.S. 545, 43 S.Ct. 200, 67 L.Ed. 396), will be the measure of damages prescribed by the laws of the State in which the trespass is committed."

This Court thus is called upon to determine whether § 3346 of the California Civil Code creates a new cause of action, unknown at common law, or merely sets forth a specific measure of damages for a common law cause of action.

Of great significance in this regard is the fact that the California courts have characterized § 3346 as a penal statute (See footnote 1, supra). Some states, in dealing with exemplary damage statutes, have considered them to be remedial and non-penal (Kinzua Lumber Co. v. Dag-

gett, 203 Or. 585, 281 P.2d 221; Banks v. Watrous, 134 Conn. 592, 59 A.2d 723, 4 A.L.R.2d 286; Guild v. Prentis, 83 Vt. 212, 74 A. 1115; and see 34 Am.Jur. 580). Clearly, in those states which consider such statutes as remedial, the statutes would merely be intended to measure damages, and are compensatory in nature. California, on the other hand, has been very specific in referring to its treble damage statute as penal in nature.

■■ Characterization of § 3346 as penal is of decisive importance. The purpose of damages is to compensate for loss. The purpose of a penalty is to punish the offender, and has nothing to do with compensation for loss. Although the Government has amended its original complaint, so that § 3346 is relied upon now as the "measure of damages" rather than as the "claim," this is a mere change in form, and does not reach the substance of the action. The action is, in fact, an action to recover some $28,-000 actual damages, plus some $56,000 punitive damages. Cases holding that state law should be looked to for the measure of compensatory damages are not authority for imposing penalties under the guise of damages. Nor has any specific authority for so doing been suggested by the Government.

■ Noteworthy also, in connection with this Court's conclusion that § 3346 creates a new, statutory cause of action, is Crofoot Lumber, Inc. v. Ford, 191 Cal.App.2d 238, at page 247, 12 Cal. Rptr. 639, wherein it is stated that in a situation where treble damages are not awarded, damages may still be awarded under a theory of conversion, pursuant to the provisions of § 3336 of the California Civil Code. The Government's action, in this case, is basically an action for trespass and conversion, the measure of damages for which is provided by § 3336. Section 3346 deals specifically with actions for penalties (It is included within the penal damage sections, which include actions for multiple damages for the wilful holding over of possession of real estate, and for damages resulting from dueling.), and is only indirectly related to the aim of compensation for loss. Viewed in this light, it is clear that § 3346 creates a new cause of action, rather than a mere measure of damages for an existing, common law cause of action. As such, the United States is bound by the applicable California statute of limitations which affects this type of action.

As noted in footnote 1, supra, the present five-year statute of limitations contained in subdivision (c) of § 3346 was passed in 1957, and cannot be retroactively applied to the present action. Prior to 1957, however, two other sections related to the type of action here involved. Subdivision 1 of § 340 of the California Code of Civil Procedure provided for a one-year period of limitation in actions for penalties, and § 338 of the California Code of Civil Procedure provided for a three-year period of limitation for actions for trespass upon or injury to real property. Since this is an action for a penalty, as interpreted by the California courts, it appears that § 340 is the applicable statute [2], but even if it is not, § 338 is sufficient to bar the Government's complaint insofar as it relates to the statutory cause of action created by § 3346.

■ As previously stated, the United States is not barred by state statutes of limitation with reference to its common law causes of action. Therefore, that portion of the Government's complaint which seeks actual damages (rather than treble damages) is not affected by the above discussion. For this reason, Yellow Creek's motion to dismiss the entire complaint is improper. Yellow Creek's motion to strike the specific language in the Government's first amended complaint, to wit:

"wherefor, the plaintiff has been damaged in the amount of $83,799.-

---

**2.** The question of which of two state statutes of limitation apply to a particular action is primarily a question of state law in the determination of which a federal court must apply state law (Howard v. Hudson, 9 Cir., 259 F.2d 29).

 

00," (Page 2, portion of lines 25 and 26) and

"The measure of damages herein is based on the treble damage provision set forth in § 3346 of the California Civil Code." (Page 2, portion of line 30 and all of line 31).

is the proper remedy in this situation. Said motion to strike will be granted.

IT IS, THEREFORE, ORDERED that the motion of defendant Yellow Creek Logging Company to dismiss the Government's complaint be, and the same is, hereby denied;

AND IT IS FURTHER ORDERED that the motion of said defendant, Yellow Creek Logging Company, to strike the particularly described language contained in lines 25–26 and lines 30–31 of page 2 of the Government's first amended complaint be, and the same is, hereby granted.