**UNITED STATES of America,**
**Plaintiff,**

v.

**Jasper EYTCHESON, Emmit Roach,**
**and Yamhill Lumber Company,**
**Defendants.**

**No. 1109.**

United States District Court
D. Montana,
Helena Division.

Jan. 15, 1965.

Fett, Murphy, Rude & Forrestal, Janesville, Wis., for defendant, Jasper Eytcheson.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant, Yamhill Lumber Co.

John V. Potter, Jr., White Sulphur Springs, Mont., for defendant, Emmit Roach.

Robert T. O'Leary, Asst. U. S. Atty., Butte, Mont., for plaintiff.

MURRAY, Chief Judge.

The motion of the defendant Yamhill Lumber Company to dismiss Counts One and Three of the plaintiff's complaint, together with the briefs in support of and in opposition to said motion, having been considered by the court, and the court being fully advised in the premises,

Now, therefore, it is ordered and this does order that said motion to dismiss Count One of the plaintiff's complaint be and the same is hereby denied.

██ It is further ordered and this does order that said motion to dismiss Count Three of the plaintiff's complaint be, and the same is hereby granted, and Count Three of said complaint is ordered dismissed as against the defendant Yamhill Lumber Company.[1]

It is further ordered and this does order that defendant Yamhill Lumber Company be granted 20 days within which to answer the remaining counts of the complaint.

█ Defendant Yamhill's motion to dismiss Counts One and Three is based on Statutes of Limitation. The plaintiff does not question the propriety of raising the question of limitations by motion to dismiss, and such procedure is permissible under the Federal Rules. 2 Moore's Federal Practice, 2d Ed., § 12.10.

█ In Count One, plaintiff seeks to recover for property damage and expenses caused by the alleged negligence of defendants in setting a forest fire. This count is based on common law negligence. The complaint was not filed until about two and a half years after the fire, and defendant Yamhill, as grounds for its motion to dismiss Count One, relies on § 93–2607, R.C.M.1947, subsections two and three, which provide that actions for injury to or for waste or trespass on real property and actions for injuring goods must be brought within two years.

Defendant Yamhill concedes that as a general rule, the United States, as the sovereign, is not subject to local statutes of limitations unless Congress has specifically so provided, and that Congress has not so provided with reference to this type of action. However, defendant, re-

lying on Denver & R. G. R. Co. v. United States, 241 F. 614, decided by the Eighth Circuit in 1917, contends that there is an exception to the general rule where the United States is suing not in its sovereign capacity, but as a corporate or body politic owner of property to protect its property. Defendant contends this suit falls within such exception.

However, in United States v. Miller, 8 Cir., 28 F.2d 846, 850, 61 A.L.R. 405, a suit involving the cutting and removal of timber from public lands, the Eighth Circuit in 1928 declined to follow its prior ruling in the Denver & R. G. R. Co. case in this respect, saying:

"We are unwilling to hold that the government of the United States, in the protection of its public domain held in trust for the people of the United States and acting solely in the public interest, is engaged in enforcing a private right and not acting in its capacity as a sovereign. We do not think the contrary doctrine can be drawn from Denver & R. G. R. Co. v. United States, supra. If it can, we would not be willing to follow it.

"This suit is not, in our judgment, one merely to enforce a private right on the part of the government holding property as other persons, but is one brought by the government in pursuance of the trust reposed in it as a sovereign to preserve and protect the public domain for the people of the United States. The right asserted is solely in the public interest, is an attribute of governmental sovereignty, and cannot be defeated by the general statutes of limitation of a state."

This court agrees with United States v. Miller, supra, and refuses to apply the Montana Statute of Limitations against

---

1. Count Three remains in the case, however, as against the two remaining defendants, since the dismissal as against Yamhill Lumber Company is based on a Statute of Limitations, which is a defense which may be waived. The defendant Jasper Eytcheson has answered in the case and has not raised the defense of the Statute of Limitations and has, therefore, waived the defense of the Statute. Rule 6(c) and 12(h) F.R.Civ.P. The remaining defendant has not appeared and is now in default.

the United States in its common law action for negligence contained in Count One.

The situation with respect to Count Three, however, is different. Count Three is brought under § 82–1237, R.C. M.1947, which creates a strict liability, regardless of negligence, for the setting of a fire which spreads and damages or destroys property. This is strictly a state statutorily created action. § 93–2607, subsection 1, R.C.M.1947, upon which defendant Yamhill relies in support of its motion to dismiss Count Three, provides a two year limitation on actions brought upon a liability created by statute other than a penalty or forfeiture.

Denver & R. G. R. Co. v. United States, supra, also held, and which holding has not been reversed, that there is another exception to the general rule that state statutes of limitations do not apply against the United States, and that is that when an action is based upon a right created by a state statute, the state statute of limitations applies to the sovereign when it brings the action created by state statute. To the same effect is United States v. Magnolia Motor & Logging Co., D.C., 208 F.Supp. 63 (1962). Plaintiff attempts to distinguish Denver & R. G. R. Co. v. United States from this case on the basis that the limitations provision there involved was contained in the same statute creating the right of action, whereas here the statute of limitations is found in a different section of the code. However, this would seem to be a distinction without a difference, and insufficient to take this case out of the exception. Also, in the Magnolia Motor & Logging case, supra, the statute of limitations which was held to apply against the United States was found in a different statute than the one creating the right.

Plaintiff also seeks to avoid the application of the statute of limitations to Count Three by arguing that the doctrine of strict liability for the spreading of a fire, created by § 82–1237, R.C.M.1947, was a common law doctrine that was merely recognized by the legislature in enacting 82–1237, and that therefore the action is a common law action and not one created by state statute. In support of this argument plaintiff cites Wigmore, Responsibility for Tortious Acts: Its History, 1893, 7 Harvard L.Rev. 315, 448. However, a complete reading of the cited article reveals that while the doctrine of strict liability for the spread of fire without negligence existed at one time in England, it was abolished in 1712, before our adoption of the common law and does not now exist, in the absence of statute, either in this country or in England. See also in 42 A.L.R. 783, 784.

Defendant's motion to dismiss Count Three is, therefore, well taken.

