**GOVERNMENT EMPLOYEES INSUR-ANCE COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 10756.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 12, 1967.

Decided April 3, 1967.

Richard W. Galiher, Washington, D. C. (Robert J. Dimond, Arlington, Va., and David F. Grimaldi, Washington, D. C., on brief), for appellant.

Howard J. Kashner, Atty., Dept. of Justice (Barefoot Sanders, Asst. Atty. Gen., Morton Hollander and John C. Eldridge, Attys., Dept. of Justice, and C. Vernon Spratley, Jr., U. S. Atty., on brief), for appellee.

Before BELL and WINTER, Circuit Judges, and RUSSELL, District Judge.

DONALD RUSSELL, District Judge.

This appeal involves the right of the United States to recover the medical costs incurred by it on behalf of a military dependent, under the uninsured motorist provisions of a liability insurance contract covering the car in which such dependent was traveling at the time of his injuries.

There is no dispute about the facts herein. Raymond F. Krebs, III, the son

* Judge Bell prepared the foregoing opinion, but he died before the opinion was filed.

of an officer in the United States Army, was injured while traveling in a car which was struck by another car, the operation of which was not covered by liability insurance. The car in which Krebs was traveling was insured. The insurer of such car made settlement under the uninsured motorist clause of its policy with Krebs for his personal injuries but denied any liability thereunder to compensate the United States for medical expenses incurred on behalf of Krebs.

On these facts, the United States moved for summary judgment. The District Court granted the motion, stating that "The position taken by the defendant insurance company is substantially the same as that recently rejected by the United States Court of Appeals for the Tenth Circuit in Government Employees Insurance Company v. United States, 349 F.2d 83." [1]

The policy of the appellant insurer, by its uninsured motorist provision, obligated it "to pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile" and further defined "insured" under this provision to include: "(a) the named insured and any relative; (b) any other person while occupying an insured automobile; and (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above."

The United States, by the provisions of the Federal Medical Care Recovery Act, 42 U.S.C.A. Section 2651(a), is given an independent right to recover of a tortfeasor the value of medical care furnished an injured person to whom it owes a legal duty to furnish such care. Krebs was admittedly a person to whom the United States owed the duty of furnishing medical care; he was, also a person "occupying" the insured car, entitled to recover under the "uninsured motorist" clause of appellant's policy covering such car. In this situation, the United States, as the District Court held, clearly meets the definition set forth in subsection (c) of Part IV of appellant's policy as "a person" entitled to recover damages of the uninsured tortfeasor because of injuries sustained by Krebs.

The appellant argues that the right of the United States to recover rests wholly upon the provisions of the Federal Medical Recovery Act, which gives a right of action solely against the third-person-tortfeasor, or, as in this case, the uninsured motorist, without any rights of subrogation, and that, since appellant is not such a third-person-tortfeasor, it is without liability. But this argument misapprehends that the right of the United States does not rest wholly on the Federal Medical Recovery Act. It relies on that Act merely to establish its right to recover of the uninsured motorist, a right apparently conceded by the appellant. But it plants its right to recover upon the express language of the policy, which provides that one entitled to recover of the uninsured third party is in turn entitled to payment under the policy as an insured as defined in section (c) of Part IV, quoted supra. Ultimately, as the District Court ruled, the right of the United States to recover thus rests upon the express terms of appellant's contract, which clearly fixes the appellant's liability herein.

Affirmed.

---

1. Certiorari denied 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539, rehearing denied 383 U.S. 939, 86 S.Ct. 1064, 15 L.Ed.2d 857.