Elmer E. HAURY and Hazel Kelly,
Appellants,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 9379.

United States Court of Appeals
Tenth Circuit.

Sept. 8, 1967.

_____

2. The amendment made no change in subsection (k).

James E. Womack, Santa Fe, N. M., for appellant.

LeRoi Farlow, Albuquerque, N. M., for appellee.

Before WILBUR K. MILLER*, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this diversity action the issue is whether proceedings in New Mexico on an insurance policy are barred by a California statute of limitations. The district court held that they were barred and granted summary judgment for the appellee-defendant Allstate Insurance Company.

The insuror, an Illinois corporation, issued an automobile policy to appellant Haury, a California resident. The policy was written, and the premiums paid, in California. The policy contained an uninsured-motorists provision whereby the insured was entitled to receive from the insuror all sums which he was legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.[1] The insured and a passenger, appellant Kelly, were injured in an accident in New Mexico when their car collided with that of an uninsured motorist.

The insuror denied liability. In the section of the policy relating to uninsured motorists, it is provided that in the event of disagreement the matters in dispute shall be determined by arbitration in accordance with the rules of the American Arbitration Association.[2] California expressly recognizes the validity and enforceability of agreements to arbitrate,[3] but in connection with policies providing uninsured-motorist protection California bars the cause of action unless the insured formally institutes arbitration proceedings within one year from the date of the accident.[4] The formal demand of the insured for arbitration was made in California more than one year after the accident. The insuror raised the California statute of limitations as a bar.

With the consent of the parties the arbitration proceedings were transferred to New Mexico.[5] The insured and his passenger then brought this suit in a New Mexico state court and it was removed to the federal court on the ground of diversity. The complaint sought (1) a declaratory judgment that the arbitration was not barred by the California statute, and (2) damages for breach of

---

* Of the District of Columbia Circuit, sitting by designation.

1. The material provision reads: "Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile." The policy in another provision granted coverage to a passenger in the insured's automobile.

2. The policy reads: "In the event of disagreement and upon written demand of the insured, the matter or matters upon which the insured and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitra-

tor(s) may be entered in any Court having jurisdiction thereof. The insured and Allstate each agrees to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this Section II."

3. Section 1280, California Code of Civil Procedure.

4. West's Annotated California Codes, § 11580.2(h), Insurance, provides in part: "(h) LIMITATION OF ACTIONS. No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident: * * * (3) The insured has formally instituted arbitration proceedings."

5. This is alleged in the complaint and not contested by the insuror.

contract. The insuror pleaded the California statute as a defense. Both parties moved for summary judgment, and the court granted the motion of the insuror.

The action and the arbitration are not barred by any New Mexico statute of limitations. The questions are whether they can be maintained in New Mexico, and, if they can, whether the California limitations apply.

The insuror relies on the familiar rule that the construction and validity of a contract are governed by the law of the place where it is made and emphasizes that here we have a California contract. Our concern is not with construction or validity but with the remedy for enforcement. Neither party questions the binding effect of the arbitration provisions. By its terms the policy covers "accidents and occurrences * * * within the United States." The insuror does business in New Mexico and is subject to suit there. A state may impose its own rules on a foreign insuror if the state has substantial contacts with the question being litigated.[6] The accident happened, and the injuries were sustained, in New Mexico. The interest of New Mexico in insurance protection for persons injured within its borders is a substantial contact sufficient to sustain its jurisdiction.

In diversity cases, federal courts apply the rules of the states in which they sit when deciding questions of conflict of laws.[7] New Mexico has held that the law of the forum determines the bar of statutes of limitation.[8] A well recognized exception to this rule is that the local statute of limitations governs unless the foreign statute is part of the foreign substantive law. New Mexico has not passed on this point but it is fair to assume that it will follow the general law. In such an event, the California statute does not apply because in California the statute of limitations is procedural rather than substantive and is effective only to bar the remedy.[9] This rule is not changed by the California statutes relating to uninsured-motorist clauses in an insurance policy.[10] In our opinion the California statute does not bar either the action or the arbitration proceedings in New Mexico.

The trial court erred in granting summary judgment on Count One which seeks a declaratory judgment to determine the applicability of the California statute of limitations. In the circumstances we express no opinion on Count Two which seeks damages for breach of contract. No breach has yet occurred in New Mexico.

Reversed and remanded for further proceedings consistent with this opinion.

6. See Watson v. Employers Liability Assurance Corp., 348 U.S. 66, 73, 75 S.Ct. 166, 99 L.Ed. 74, and Clay v. Sun Insurance Office, Ltd., 377 U.S. 179, 181–183, 84 S.Ct. 1197, 12 L.Ed.2d 229.

7. See Klaxon Company v. Stentor Electric Manufacturing Company, 313 U.S. 487, 496–497, 61 S.Ct. 1020, 85 L.Ed. 1477, and Smith v. Greyhound Lines, Inc., 10 Cir., 382 F.2d 190.

8. Heisel v. York, 46 N.M. 210, 125 P.2d 717, 721; and In re Goldsworthy's Estate, 45 N.M. 406, 115 P.2d 627, 633, 148 A.L.R. 722. See also Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 182 F.2d 305, 309.

9. Western Coal & Mining Co. v. Jones, 27 Cal.2d 819, 167 P.2d 719, 724, 164 A.L.R. 685; Gardner v. Rutherford, 57 Cal.App.2d 874, 136 P.2d 48, 52; and Mitchell v. Automobile Owners Indemnity Underwriters, 19 Cal.2d 1, 118 P.2d 815, 817, 137 A.L.R. 923.

10. In this regard it should be noted that the trial court's reference to the California statute on uninsured motorists is not persuasive. The restrictions contained in § 11580.2(e)(1) and (2), West's Annotated California Codes, apply to discovery proceedings in aid of arbitration. In this appeal neither party contends to the contrary.