**UNITED STATES of America, Plaintiff,**

v.

**COMMERCIAL UNION INSURANCE GROUP, Defendant.**

**No. 67 Civ. 4684.**

United States District Court
S. D. New York.

Jan. 3, 1969.

---

Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, for plaintiff, by Michael D. Hess, Asst. U. S. Atty., New York City.

Francis J. Heneghan, New York City, for defendant; Carole R. Moskowitz, Jamaica, N. Y., of counsel.

MANSFIELD, District Judge.

In this action pursuant to 42 U.S.C. § 2651 for recovery from an insurance carrier of the reasonable value of hospital and medical care and supplies furnished to a postal employee, Salva T. Tortorici, the Government has moved for summary judgment. Section 2651 provides:

"§ 2651. RECOVERY BY UNITED STATES—CONDITIONS; EXCEPTIONS; PERSONS LIABLE; AMOUNT OF RECOVERY; SUBROGATION; ASSIGNMENT

"(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment

(including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person (other than or in addition to the United States and except employers of seamen treated under the provisions of section 249 of this title) to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, as appropriate, to assign his claim or cause of action against the third person to the extent of that right or claim."

The undisputed facts are as follows:

On June 4, 1966, Mr. Tortorici, acting in the course of his employment as an employee of the United States Post Office, was driving a mail truck on a street in Brooklyn. In an effort to avoid hitting a taxicab that suddenly cut in front of him, he swerved, ran into two parked cars, and was thrown out of his truck, suffering injuries. The taxicab left the scene. As a result of the accident Tortorici was hospitalized at the United States Public Health Service Hospital, Staten Island, which described the accident as follows in its "Third Party Report":

"Independent cab driver cut in front of postal truck—swerved to the right to avoid hitting cab, thereby hitting two parked cars.

"Cab driver listed as hit and run."

The hospital provided medical care and treatment amounting to $1,936, pursuant to 5 U.S.C. § 8103 and 42 U.S.C. § 251. Thereafter Mr. Tortorici, in accordance with 42 U.S.C. §§ 2651–2653, executed a written assignment assigning to the Government any claim he had for the reasonable value of hospital and medical care.

At the time of the accident defendant insurer had issued a family combination automobile policy in favor of Tortorici covering liability for personal injury, property damage and medical payments. The policy obligated defendant to pay up to certain specific limits to the "insured" which was defined to include not only Mr. Tortorici and guests but also

"[A]ny person with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which this coverage applies."

Coverage "J" of the policy, known as "Protection Against Uninsured Motorists," obligated defendant

"[T]o pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile. * * * *"

An uninsured automobile was defined by the policy to include "a hit and run automobile" (Coverage J(2) (b)), defined as follows:

" 'hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or· with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile' * *."

Tortorici asserted a claim under the Uninsured Motorist provision of his policy, which was settled by defendant's

making payment to him of $8,064 on December 7, 1966.

Plaintiff claims that it is entitled to be treated as an "insured" under the policy for the reason that the Government is a "person" as that term is used in the policy, Government Employees Insurance Co. v. United States, 376 F.2d 836 (4th Cir. 1967); Government Employees Insurance Co. v. United States, 349 F.2d 83 (10th Cir. 1965), cert. denied, 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539, rehearing denied, 383 U.S. 939, 86 S.Ct. 1064, 15 L.Ed.2d 857 (1968), and under 42 U.S.C. §§ 2651–2653 it may recover from an uninsured motorist for hospital and medical care furnished to the insured because of bodily injuries sustained by the insured as a result of the use of an "uninsured automobile". We agree and so conclude. See Government Employees Insurance Co. v. United States, 376 F.2d 836, 837 (4th Cir. 1967); Bernzweig, "An Analysis and Interpretation of the Federal Medical Recovery Act," 64 Colum.L.Rev. 1257, 1268 (1964). The terms of the Uninsured Motorist provision must be construed in favor of the insured, see Ashland Oil and Refining Co. v. Travelers Insurance Co., 368 F.2d 821 (2d Cir. 1966). The interpretation of the policy urged by defendant would defeat the purposes of the Insurance Law of the State of New York, McKinney's Consol. Laws, c. 28, §§ 167(2–a) and 600 and the federal Medical Care Recovery Act, 42 U.S.C. § 2651.

Defendant denies liability on the grounds (1) that plaintiff is expressly excluded from the policy's coverage under "exclusion (c)" of the policy, (2) that an issue of fact exists as to whether Tortorici's bodily injuries were caused by an uninsured vehicle, i. e., a "hit and run automobile" as that term is defined in the policy, and (3) that some issues (negligence, contributory negligence, and damages) are subject to compulsory arbitration under the policy.

"Exclusion (c)" of the policy provides:

"EXCLUSION: This policy does not apply under Part IV:

\* \* \* \* \* \*

"(c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier

"or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law."

Under the above-quoted clause defendant is not obligated to reimburse a workmen's compensation carrier or self-insured under a workmen's compensation or disability law for benefits paid by it. See Matter of Napolitano, 21 N.Y.2d 281, 287, 287 N.Y.S.2d 393, 397, 234 N. E.2d 438, 441 (1967); Matter of Durant, 15 N.Y.2d 408, 260 N.Y.S.2d 1, 207 N.E.2d 600 (1965); Comm'rs of the State Insurance Fund v. Miller, 4 A.D. 2d 481, 166 N.Y.S.2d 777 (1957). Plaintiff, however, is neither "a workmen's compensation or disability benefits law". It is the sovereign government of the United States acting pursuant to the Medical Care Recovery Act and not an insurer acting under any workmen's compensation law, state or federal. Cf. Government Employees Insurance Co. v. United States, 376 F.2d 836 (4th Cir. 1967); United States v. Safeco Insurance Company of America (unreported) Case No. 6997 (W.D.Wash., May 19, 1967). The federal government does not, for instance, fall within the definition of "Insurance Carrier" found in New York's Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, § 2(12).

Defendant's contention that Tortorici's accident is not covered by the policy's Uninsured Motorist provision presents a more serious question. Both parties agree that plaintiff would be entitled to recover only upon showing that the accident was caused by a "hit and run automobile", defined in the policy as

one causing injury "arising out of physical contact of such automobile" with the insured's vehicle. Although the U. S. Public Health Service Hospital report refers to the unidentified cab driver who cut in front of Tortorici's vehicle as "hit and run", Tortorici stated in the Motor Vehicle Report filed by him on June 6, 1966 (two days after the accident) that "to avoid making contact" with the unknown cab which cut him off, he veered, which indicates that there may not have been any "physical contact" between the taxi and his vehicle. In reply, plaintiff points to the fact that defendant admits having made payments to Tortorici under the contractual obligations of the policy (which would mean pursuant to the Uninsured Motorist provision) as proof that defendant considered the accident to be covered by the policy, and it argues that defendant is precluded from now raising the issue. We disagree. Although defendant's payment to Tortorici indicates that it considered the accident covered by the Uninsured Motorist provision, the payments are described by it as in the nature of a settlement. If in fact the payments represented a settlement of Tortorici's claims, such a settlement would not necessarily constitute an admission of liability and may well have been motivated by other factors not before the Court. Under such circumstances defendant would not be collaterally estopped or bound in this case by its handling of Tortorici's claim.

■ Defendant's contention that certain issues must be arbitrated under the policy must be rejected as wholly without merit. No facts are offered in accordance with Rule 56(e) to rebut the uncontradicted proof as to how the accident happened, which establishes negligence and absence of contributory negligence. Furthermore, following the commencement of this suit more than a year ago defendant served an answer in January 1968 which fails to assert arbitration as a defense as required by Rule 8(c), Fed.Rules of Civ.Proc. Under the circumstances, including expiration of almost a year since issue was joined and defendant's submission of other issues to this Court for determination, any right which defendant had to compel arbitration in accordance with 9 U.S.C. § 3 has been waived. Radiator Specialty Co. v. Cannon Mills Inc., 97 F.2d 318, 117 A.L.R. 299 (4 Cir. 1938); Cargo Carriers v. Erie & St. Lawrence Corp., 105 F. Supp. 638 (W.D.N.Y.1952).

■ Accordingly, pursuant to Rule 56(d), F.R.C.P., the Court finds that a material issue of fact exists as to whether the unidentified taxicab made physical contact with the vehicle driven by plaintiff, and that all other material issues of fact are without substantial controversy. Trial will therefore be limited to the sole material issue of fact presented and if plaintiff establishes by a fair preponderance of the evidence that physical contact was made between the unidentified taxicab and the vehicle driven by Tortorici at the time of the accident, judgment must be awarded in favor of the plaintiff. Otherwise judgment must be awarded in favor of the defendant.

It is so ordered.