The **UNITED STATES** of America,
Plaintiff,

v.

**ALLSTATE INSURANCE COMPANY,**
Defendant.

No. 2104.

United States District Court
N. D. Florida,
Pensacola Division.

Nov. 24, 1969.

William H. Stafford, Jr., U. S. Atty.,
and Stewart J. Carrouth, Asst. U. S.
Atty., Pensacola, Fla., for plaintiff.

W. Spencer Mitchem, of Beggs, Lane,
Daniel, Gaines & Davis, Pensacola, Fla.,
for defendant.

## ORDER AND JUDGMENT

ARNOW, Chief Judge.

This matter has come on before the Court on the motion of defendant, Allstate Insurance Company, for a judgment on the pleadings. The sole question presented is whether the United States of America may recover for medical expenses from the Allstate Insurance Company, the insurance carrier of the person to whom the medical services were rendered, under the Uninsured Motorist provisions of Allstate's insurance policy.

The United States of America has based its claim on the Medical Recovery Act. Defendant, Allstate Insurance Company, takes the position that this act does not authorize a recovery in this case because, by its terms, the Medical Recovery Act only gives the United States a right of action against the third person tort feasor, here the uninsured motorist.

The Court finds that this issue has been considered by the United States Court of Appeals for the Fourth Circuit, in Government Employees Insurance Company v. United States of America, 376 F.2d 836, and by a District Court for the Southern District of New York, in United States v. Commercial Union Insurance Group, 294 F.Supp. 768. In Government Employees Insurance Company v. United States, supra, the Fourth Circuit recognized that the Federal Medical Recovery Act only established the Government's right to recover from the uninsured motorist himself. In that case, the Fourth Circuit did allow the Government to recover under the uninsured motorist provisions of the policy in question; however, the Court pointed out that the Government's right to recovery was based specifically on the express wording of the policy there in question in its definition of "insured".

The Fourth Circuit quoted the Government Employees' policy in question in that case in its definition of "insured", as follows:

"(a) the named insured and any relative; (b) any other person while occupying an insured automobile; and (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above."

The Court then concluded that the Government qualified as an insured under subparagraph (c) of the policy definition. The policy in question in United States v. Commercial Union Insurance Group, 294 F.Supp. 768, also contained a provision in its definition of insured similar to that contained in the Government Employees' policy set forth above.

Both the Fourth Circuit and the District Court for the Southern District of New York were very careful to point out that the Government's right of recovery under the uninsured motorist provisions of the policy, depended upon the actual definition of "insured" in the policy in question.

In the case presently before the Court, it is stipulated and agreed by the attorneys for both parties that the pertinent provisions of the policy are as follows:

"(A) Allstate will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such automobile.

"(B) The following persons are insured under this Section—(1) The named insured and his relatives while residents of his household; and (2) Any other person while in or upon, entering into or alighting from the owned automobile provided the actual use thereof is by or with the permission of the named insured."

It seems quite clear that the definition of "insured" in the Allstate Insurance Company policy herein in question, includes only the named insured and his relatives and residents of his household, and other persons while in or upon, entering into or alighting from the owned automobile. It is equally clear that the United States of America would not be an insured under any of these definitions.

It is the Court's opinion that the United States of America is not entitled to recover under the uninsured motorist provisions of the Allstate Insurance Company policy here in question, and it is, therefore,

Ordered, adjudged and decreed that the motion for judgment on the pleadings of defendant Allstate Insurance Company, be and the same is hereby granted, and said defendant shall go hence without day.