UNITED STATES of America, Plaintiff,

v.

UNITED SERVICES AUTOMOBILE AS-SOCIATION, Charles L. Melson and Vedah L. Melson, Defendants.

Civ. No. 11690.

United States District Court,
D. Connecticut.

May 19, 1970.

Lawrence A. Klinger, Atty., Dept. of Justice, Washington, D. C., for plaintiff.

Edgar W. Bassick, 3rd, and Dion W. Moore, of Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendant United Services Automobile Association.

Kevin J. Maher, of Maher & Maher, Bridgeport, Conn., for defendants Charles L. Melson and Vedah L. Melson.

TIMBERS, Chief Judge.

This Court on November 13, 1968 having filed its Memorandum of Decision and Order denying defendants' motion for summary judgment, Rule 56(b), Fed.R.Civ.P., and granting summary judgment in favor of plaintiff on the issue of plaintiff's right to recover under the uninsured motorist provision of the policy here involved; and

This Court's order of November 13, 1968 having expressly left open the issues as to (a) the voluntariness of services rendered to defendant Vedah L. Melson (Mrs. Melson) and (b) the policy's exclusionary provision against workmen's compensation carriers and self-insurers, Rule 56(d), Fed.R.Civ.P.; and

The Court of Appeals (SRW, IRK, PRH) having entered an order on August 12, 1969 dismissing, for lack of appellate jurisdiction, defendants' appeals from this Court's order of November 13, 1968; and

Defendants having brought on for hearing in the District Court on April 20, 1970 their further motions for summary judgment on the issues left open by this Court's order of November 13, 1968 (referred to in paragraph 2 above); and

The Court having received and considered the said further motions for summary judgment, together with the memoranda of law submitted by counsel for the respective parties, and the Court having taken the said motions upon submission, counsel for all parties having represented to the Court that the remaining issues in the case should be decided by summary judgment; and

The Court being of the opinion that summary judgment should be granted in favor of plaintiff upon the remaining issues in the case and that defendants' further motions for summary judgment should be denied, for the reasons that:

(1) This Court held in its Memorandum of Decision and Order of November 13, 1968 that plaintiff is to be regarded as an "insured" within the meaning of the uninsured motorist provision of the policy and as such under the statute and policy is entitled to recover from the insurer the amount plaintiff expended for medical care of Admiral and Mrs. Melson. GEICO v. United States, 376 F.2d 836, 837 (4 Cir.1967); United States v. Commercial Union Insurance Group, 294 F.Supp. 768, 771 (S.D.N.Y.1969); United States v. United Services Automobile Association, Civ. No. 1004 (M.D.Ga., filed June 5, 1969) (uninsured motorist provision in identical policy written by instant defendant insurer construed to include United States as an "insured"); cf. United States v. Myers, 363 F.2d 615 (5 Cir. 1966); GEICO v. United States, 349 F.2d 83 (10 Cir. 1965), cert. denied, 382 U.S. 1026 (1966); Gahagan v. State Farm Mutual Automobile Ins. Co., 233 F.Supp. 171 (W.D.La.1964).

(2) The medical care rendered to Mrs. Melson as a dependent of her husband, Admiral Melson, was autho-

rized by 10 U.S.C. § 1076(a) (1964) which provides in relevant part that:

> "(a) A dependent of a member of a uniformed service who is on active duty for a period of more than 30 days, or of such a member who died while on that duty, is entitled, upon request, to the medical and dental care prescribed by section 1077 of this title in facilities of the uniformed services, subject to the availability of space and facilities and the capabilities of the medical and dental staff."

(3) All the medical care here in question was rendered to Mrs. Melson at military facilities. If such facilities had not been available for the medical care of Mrs. Melson, plaintiff would have been obligated to provide such medical care at civilian facilities. 10 U.S.C. § 1079 (Supp. IV, 1965–68).

(4) It follows that plaintiff is entitled to recover from defendant insurer, under the uninsured motorist provision of the policy here involved, the value of such medical care pursuant to the Federal Medical Care Recovery Act, 42 U.S.C. § 2651(a) (1964), which provides that the government may recover the value of such medical care "In any case in which the United States is *authorized or required by law* to furnish hospital, medical, surgical, or dental care and treatment . . . ." (Emphasis added).

(5) Plaintiff is not barred by exclusion (c) of the uninsured motorist provision of the policy here involved since the United States is not a "workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law." It has been squarely so held. United States v. Commercial Union Insurance Group, 294 F.Supp. 768, 771 (S.D.N.Y.1969); United States v. Safeco Insurance Company of America, Civ. No. 6997 (W.D. Wash., filed May 19, 1967); it is therefore

ORDERED as follows:

(1) That defendants' further motions for summary judgment are denied in all respects.

(2) That plaintiff is entitled to the entry of summary judgment in its favor against defendant United Services Automobile Association for the sum of $2014 (the undisputed value of the medical care furnished by plaintiff to the Melsons), the said sum being the balance of the amount deposited with the Clerk of this Court pursuant to Rule 67, Fed.R.Civ.P., and pursuant to the order of this Court of May 15, 1967.

(3) That the Clerk is directed to enter judgment accordingly, without costs.