**UNITED STATES of America,
Plaintiff,**

v.

**HARTFORD ACCIDENT & INDEMNITY
COMPANY, a corporation, Defendant.**

**Civ. No. S–1329.**

United States District Court,
E. D. California.

Nov. 13, 1970.

Dwayne Keyes, U. S. Atty., Sacramento, Cal., for United States.

Edwards, Cresswell, Davis, Friborg, Lamborn & Duda, Oakland, Cal., for Hartford Accident & Indemnity Co.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

This case, arising on cross motions for summary judgment, contains a set of stipulated facts and issues. On May 14, 1967, a woman named Fusae Rogers was injured in an automobile accident with an uninsured motorist. She received treatment at Oak Knoll Naval Hospital, and later settled with her own insurance carrier, Hartford, under uninsured motorist coverage.[1] In April, 1968, the United States submitted a claim to Hartford under the Federal Medical Care Recovery Act. 42 U.S.C. §§ 2651–

---

1. Her policy limits were $10,000, and the parties have stipulated that her award of $9,950.00 represents compensation for general damages over and above the reasonable value of the medical care she received.

53, for the amounts expended in the treatment of Fusae Rogers. Although in terms the Federal Act allows recovery only from the tortfeasor, the United States claimed to be an insured under Fusae Roger's uninsured motorist clause. Hartford rejected the claim, and this lawsuit followed.

Although the parties have stipulated to four issues, I consider it necessary to discuss only two.[2] First, whether the United States is an insured, within the meaning of California Insurance Code § 11580.2,[3] under the uninsured motorist coverage extended by Hartford to Fusae Rogers. Second, if so, whether the Government's claim is barred by § 11580.-2(i)[4] for failing to take the action required therein within one year of the accident. I conclude that the United States is an "insured", but is barred by the California statute from bringing suit on the policy.

### THE UNITED STATES IS AN INSURED UNDER THE POLICY

■ California defines the word "insured" for purposes of uninsured motorist coverage as follows:

* * * as used in (a) above the term "insured" means the named insured, and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise, heirs and any other person while in or upon or entering into or alighting from an insured motor vehicle and any person with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which the policy provisions or endorsement apply; * * *

The United States claims to be a "person with respect to damages he is enti-tled to recover for care or loss of services because of bodily injuries to which the policy provisions or endorsement apply." I agree.

While the Ninth Circuit has not yet decided that the United States is an insured under the California uninsured motorist law, a number of other federal courts interpreting similar provisions in other states have ruled in favor of the Government on this issue. Government Employees Insurance Co. v. United States, 349 F.2d 83 (10th Cir. 1965); Government Employees Insurance Co. v. United States, 376 F.2d 836 (4th Cir. 1967) [hereinafter cited as *Geico*]; United States v. Commercial Union Insurance Group, 294 F.Supp. 768 (S.D.N.Y.1969). *Cf.* United States v. Allstate Insurance Co., 306 F.Supp. 1214, 1215 (N.D.Fla.1969).

In *Geico*, the provision at issue was nearly identical with the definition of "insured" under California law, and the court held as a matter of interpretation that the United States was a "person" within the scope of coverage. Hartford urges, however, that I reject the *Geico* rule because it would somehow undermine California's policy of distributing awards under uninsured motorist coverage. It does not specify how California's policy differs from that involved in *Geico,* and cases cited to support its position are uninformative. Hartford's failure to particularize a significant difference leads to the conclusion that the policy underlying California Insurance Code § 11580.2 is no different than that of other states—to provide protection against irresponsible motorists. The argument that in some cases an injured motorist may have to share his award with the Government as a co-insured is no more persuasive with me than it was

---

2. The remaining two issues, which I do not reach under my disposition of the case, are (1) whether the United States is limited to $50.00 because of the previous $9,950 settlement with Fusae Rogers, and (2) if it is not so limited, whether it may recover in full for its expenses or only on a prorata basis.

3. Portions of the statute are hereinafter set forth verbatim at appropriate places in the opinion.

4. At the time this action was commenced, this section was numbered § 11580.2(h). It has since been renumbered, and will be referred to here by its new designation.

with the courts which implicitly rejected it in the decisions cited, *supra*.[5]

In the absence of guidance from the Ninth Circuit, therefore, I find the United States to be an "insured" within the meaning of § 11580.2.

## THE UNITED STATES IS BARRED FOR FAILURE TO COMPLY WITH CALIFORNIA INSURANCE CODE § 11580.2(i)

Having found the United States to be an insured, I now consider whether it was required to comply with the one-year provisions of § 11580.2(i):

(i) *Limitation of actions*

(i) No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless within one year from the date of the accident:

(1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or

(2) Agreement as to the amount due under the policy has been concluded, or

(3) The insured has formally instituted arbitration proceedings.

While the Government admits its failure to comply with this provision, it claims an excuse on the ground that the United States is immune to state statutes of limitation or non-claim, citing United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) as "direct authority." In *Summerlin*, the United States acquired a claim against the estate of a deceased but failed to file proof of it within eight months, contrary to a state statute which provided that the claim "shall be void" if not presented on time. The Court held that the United States was not bound by the eight-month filing requirement, whether it be regarded as a statute of limitations or a statute of non-claim:

> But if the statute, as sustained by the state court, undertakes to invalidate the claim of the United States, so that it cannot be enforced at all, because not filed within eight months, we think the statute in that sense transgressed the limits of state power.

Of decisive importance in *Summerlin* is the fact that the claim had accrued to the United States before the state statute purported to cut it off. For the proposition that an action vested in the United States cannot be defeated by a state's statute of limitations, therefore, *Summerlin* is clear authority. Neither it nor its progeny, however, stands for the proposition that considerations of federal supremacy can *create* a cause of action in the government when none exists under state law.[6] A closer examination of § 11580.2(i) will reveal that this extraordinary result is exactly that urged by the Government here.

■ Section 11580.2(i) provides that "No cause of action shall accrue to the insured" unless he complies with the one-year provision. California courts construing the statute make clear that the quoted language does not create a conventional statute of limitations, but is an absolute pre-requisite to the accrual of *any* cause of action under the

---

5. In addition, it should be remembered that the United States may forego collection if it would result in undue hardship to the injured. 42 U.S.C. § 2652(b).

6. The precise holding of *Summerlin* is difficult to define. Since a claim against one's estate ordinarily originates in a pre-existing common-law debt, it is possible that *Summerlin* merely holds that a state statute cannot cut off a common law action vested in the United States. Accordingly, some cases consider *Summer-*
*lin* to be inapplicable when the government sues on a state-created cause of action unknown at common law. United States v. Magnolia Motor & Logging Co., 208 F.Supp. 63 (N.D.Cal.1962); United States v. Eytcheson, 237 F.Supp. 371 (Mont.1965); Flintkote Co. v. United States, 47 F.R.D. 322 (S.D.N.Y.1969). *See also* cases cited in 61 A.L.R. 412. For purposes of this case, however, it is not necessary to decide whether this distinction is valid.

uninsured motorist clause. In Williams v. Los Angeles Metropolitan Transit Authority, 68 Cal.2d 599, 68 Cal.Rptr. 297, 440 P.2d 497 (1968), the California Supreme Court said that:

> Insurance Code section 11580.2, subdivision (h), however, creates a condition for the preservation of a potential cause of action under an insurance policy and does not fix the time for instituting a civil suit against the insurer after a cause of action has accrued.

Relying on this decision, the California Court of Appeal (1st Dist., Div. 4) in Pacific Indemnity Co. v. Ornellas, 269 Cal.App.2d 875, 75 Cal.Rptr. 608, refused to apply the state's tolling statutes to Insurance Code § 11580.2(i) on the ground that those provisions can "extend the life of a cause of action *already accrued,* but are not to be used to lengthen the time during which an injured party may meet the conditions precedent to the accrual of his cause of action under the uninsured motorist statute in the first instance." *See also* Pacific Indemnity Co. v. Superior Court, 246 Cal.App.2d 63, 54 Cal.Rptr. 470 (1966) and Firemen's Insurance Co. v. Diskin, 255 Cal.App.2d 502, 63 Cal.Rptr. 177 (1967).

 Under the clear language of the statute and cases construing it, an insured under uninsured motorist coverage unquestionably has no right to sue the insurance carrier until complying with § 11580.2(i).[7] *Summerlin* cannot be stretched to create a right in the government to sue under state law without complying with the conditions precedent to the accrual of the action. Cases holding that the government is immune from state statutes of limitations when suing the third party tortfeasor to recover the cost of its medical expenses do not save United States. *See* United States v. Fort Benning Rifle and Pistol Club, 387 F.2d 884 (5th Cir. 1967); United States

v. York, 398 F.2d 582 (6th Cir. 1968); United States v. Gera, 409 F.2d 117 (3 Cir. 1969). *See also* United States v. Housing Authority of City of Bremerton, 415 F.2d 239 (9th Cir. 1969). These cases merely hold that the Federal Medical Care Recovery Act vests an independent right in the United States to recover from the tortfeasor which cannot be cut off by state statutes of limitations. They are, therefore, entirely consistent with *Summerlin* and of no support here.

In the absence of conflicting Congressional legislation I refuse to find that the United States has a cause of action based on § 11580.2 without complying with it.

It is therefore ordered that defendant Hartford's motion for summary judgment be, and the same is, hereby granted.

---

7. To the extent that Haury v. Allstate Insurance Co., 384 F.2d 32 (10th Cir. 1967) can be read otherwise, I decline to follow it. The California cases cited above and decided subsequent to *Haury* amply support my decision.