UNITED STATES of America,
Plaintiff-Appellee,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant-Appellant.
No. 30692
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
March 8, 1971.

Rehearing Denied and Rehearing En Banc Denied April 20, 1971.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409 Part I.

Theo. F. Weiss, San Antonio, Tex., for appellant.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Robert V. Zener, William D. Appler, Attys., Dept. of Justice, L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

An Air Force Master Sergeant was seriously injured in an automobile collision with an uninsured motorist. His automobile liability policy provided $10,000 uninsured motorist coverage, and the insurer offered to pay him the full amount. The United States claimed of the insurer $2,254 expense incurred by it in medical care and treatment of the Sergeant, basing its claim on the Federal Medical Recovery Act, 42 U.S.C. § 2651(a) and the terms of the policy itself.[1] The District Court entered a judgment for the government, and the insurer appeals.

The insurer and the pertinent policy provisions are the same in this case as in Government Employees Insurance Co. v. United States, 376 F.2d 836 (4th Cir. 1967), in which the court held that the government was an insured under (c), quoted above in footnote 1. Substantially the same definition of "insured" was said to entitle the government to recover in United States v. Commercial Union Ins. Group, 294 F.Supp. 768 (S.D.N.Y. 1969). *See also* United States v. United Services Automobile Assn., 312 F.Supp. 1314 (D.Conn.1970) and United States v. United Services Automobile Assn., Civil No. 1004, M.D.Ga., June 5, 1969, reaching the same result. United States v. Allstate Ins. Co., 306 F.Supp. 1214 (N.D.Fla.1969), denied recovery under a policy that did not contain a definition of insured such as that in the present case and the above-cited cases but included as insureds only the named insured, his relatives and residents of his household, and others in or entering or alighting from the owned automobile.

The policy contains an exclusionary clause, excluding benefits to a workmen's compensation or disability benefits carrier or a self-insurer under a workmen's compensation or disability benefits law or similar law. The insurer's contention, apparently made also in the Fourth Circuit case but not mentioned in the opinion, that this excludes the United States, has been rejected in above-cited district court decisions, 312 F.Supp. 1314 and 294 F.Supp. 768, and United States v. Safeco Insurance Co., Civ. No. 6997 (W.D.Wash. May 19, 1967).

No reason is shown to us why we should depart from this settled jurisprudence.

Affirmed.

---

1. The policy obligates the insurer "to pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * *" and defines "insured" to include: * * * "(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this part applies sustained by an insured under (1) or (2) above."

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.