**UNITED STATES of America,**
**Appellant,**
**v.**
**HARTFORD ACCIDENT AND INDEM-**
**NITY COMPANY, a corporation,**
**Appellee.**
No. 71-1234.

United States Court of Appeals,
Ninth Circuit.
April 10, 1972.

Raymond D. Battochi (argued), Morton Hollander, Daniel Joseph, L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., Dwayne Keyes, U. S. Atty., Richard W. Nichols, Asst. U. S. Atty., Sacramento, Cal., for appellant.

James E. Martin (argued), Jackson C. Davis, of Cresswell, Davis & Lamborn, Oakland, Cal., for appellee.

Before MERRILL and KILKENNY, Circuit Judges, and LYDICK,* District Judge.

LYDICK, District Judge:

This is an appeal by the United States of America from a District Court order, 320 F.Supp. 648, denying it recovery under the California Uninsured Motorist Law and the terms of a policy of insurance issued by Hartford Accident and Indemnity Company to Willard J. Rogers and his wife. The United States seeks recovery of medical benefits paid by the United States to Mrs. Rogers as a serviceman's wife under the Federal Medical Care Recovery Act, 42 U.S.C. § 2651 et seq.

The facts, briefly stated, are: Hartford issued to Mr. and Mrs. Rogers, residents of California, an automobile liability insurance policy which included, as required by California law,[1] a provision insuring against injury and damage sustained as the result of negligent acts of uninsured motorists. On May 14, 1967, while so insured, Mrs. Rogers, riding in a car driven by her husband, was injured in an automobile accident caused by the negligence of an uninsured motorist. On January 24, 1968, Hartford made a settlement with Mrs. Rogers paying her $9,950.00 of its total policy exposure of $10,000. Mrs. Rogers was entitled to and received medical care and treatment from the United States valued at $1,968.26. On April 16, 1968, the United States gave Hartford notice of its claim. Hartford denied liability and on August 21, 1969 the United States filed its action in the Court below to recover its payments to Mrs. Rogers from Hartford.

Under present California law uninsured motorists coverage is required in all automobile insurance policies unless waived in writing by the insured. The policy here involved provided that, in case of injury and damage, an insured would be paid the amount he would be legally entitled to recover from the uninsured motorist.

That same law provides that no cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant thereto unless within one year from the date of the accident suit has been filed in a court of competent jurisdiction.

Hartford based its denial of liability to the United States on two grounds: First, that the United States was not an insured within the meaning of the policy or the California Insurance Code; and, second, that no cause of action had accrued to the United States because it had not filed its suit within one year from the date of the accident.

On cross-motions for summary judgment, the District Court held that (1) the United States was an insured under the policy, but (2) was barred from recovery because of its failure to comply with the provision of the California Insurance Code requiring it to bring suit within one year.

The issue on appeal to this Court is whether or not the Court below erred in its holding that the United States was barred from recovery because of its failure to comply with the California Insurance Code regarding the filing of suit.

The United States contends that the California Insurance Code section involved is a statute of limitations and that, because of 28 U.S.C. § 2415 and U. S. v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), it is thoroughly settled that the United States is

---

* The Honorable Lawrence T. Lydick, United States District Judge, Central District of California, sitting by designation.

1. Cal.Ann.Ins.Code (1971 Pocket Part), Section 11580.2.

not subject to state statutes of limitations.

The defect in that contention is not in the authority cited but in the designation of California Insurance Code Section 11580.2 as a statute of limitations.

Prior to the enactment of that section, neither insureds such as the Rogers nor one claiming through them such as appellant had any rights against a liability insurer for injury or damage caused by uninsured motorists unless such rights were specifically contained in the contract of insurance. Few contracts of liability insurance provided such coverage, and it was for this reason that California, by the enactment of California Insurance Code Section 11580.2, established its policy to protect its citizens against irresponsible motorists.

■ Section 11580.2 provides, among other things, that no cause of action shall accrue to the insured unless he complies with the statute. California courts construing the statute make it clear that the language in issue creates an absolute prerequisite to the accrual of any cause of action under the Uninsured Motorist law and does not create a conventional statute of limitations. Thus, in Williams v. Los Angeles Metropolitan Transit Authority, 68 C.2d 599 at 605, 68 Cal.Rptr. 297, at 301, 440 P.2d 497, at 501 (1968) the California Supreme Court held that:

"Insurance Code section 11580.2, subdivision (h), however, creates a condition for the preservation of a potential cause of action under an insurance policy and does not fix the time for instituting a civil suit against the insurer after a cause of action has accrued." [2]

See also Pacific Indemnity Co. v. Ornellas, 269 Cal.App.2d 875, 75 Cal.Rptr.

608 (1969); Pacific Indemnity Co. v. Superior Court, 246 Cal.App.2d 63, 54 Cal.Rptr. 470 (1966); and Fireman's Insurance Co. v. Diskin, 255 Cal.App.2d 502, 63 Cal.Rptr. 177 (1967).

■■ While *Summerlin* is clear authority for the proposition that an action vested in the United States cannot be defeated by a state statute of limitations, neither it nor its progeny hold that considerations of federal supremacy can create a cause of action where none exists under state law or otherwise. As the Supreme Court said in that case, at page 417, 60 S.Ct. at page 1020:

"When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its government authority so as to become subject to a state statute putting a time limit on enforcement."

Inherent in the language of the Supreme Court is the requirement that the government must have become entitled to a claim and have acquired a cause of action before it comes under the umbrella of 28 U.S.C. § 2415.

Under the clear language of the California statute and California cases construing it an insured under the uninsured motorist coverage here involved has acquired no right to sue the insurance carrier until compliance with Section 11580.2 has been accomplished. *Summerlin* cannot be stretched to create a right in the government to sue under state law without complying with the condition precedent to the accrual of the action.

The decision of the Court below is affirmed.

---

**2.** At the time the action was commenced, this subdivision was numbered 11580.2(h).

It has since been re-designated 11580.2 (i).