[Civ. No. 45837. First Dist., Div. Four. May 21, 1979.]

MARILYN TARA, Plaintiff and Appellant, v.
CALIFORNIA STATE AUTOMOBILE ASSOCIATION,
Defendant and Respondent.

228

**COUNSEL**

Stephen J. Redner for Plaintiff and Appellant.

Low, Ball & Lynch and Raymond Coates for Defendant and Respondent.

**OPINION**

**CHRISTIAN, J.**—Marilyn Tara appeals from a judgment confirming an arbitration award in favor of respondent California State Automobile Association. The issue on appeal is whether a person who provides housekeeping services to a recuperating victim who was injured in an automobile accident involving an uninsured motorist may recover the value of those services directly from an insurer under the victim's uninsured motorist coverage (see Ins. Code, § 11580.2). We hold that the person providing such services may not recover directly from the insurer.

Eva Baringer received bodily injuries in an automobile accident involving an uninsured motorist. Baringer had uninsured motorist coverage under a policy issued by respondent. She settled her claims against respondent.

Appellant is Baringer's adult daughter and does not reside with Baringer. Appellant was not involved in the car accident in any way.

Appellant provided housekeeping services to Baringer while Baringer was recovering from her injuries. Appellant submitted a claim to respondent for the value of her services. An arbitrator rejected the claim. The superior court confirmed the award, and the present appeal followed.

This case does not present the issues of whether Baringer should have recovered the value of appellant's services from respondent, or whether appellant should recover the value of her services from Baringer under a contract theory.

Appellant argues that she is entitled to recover from respondent under Baringer's uninsured motorist coverage, because appellant is an "insured" within the meaning of section 11580.2. Section 11580.2, subdivision (a)(1), provides in relevant part that all car insurance policies must contain a provision "insuring the insured . . . for all sums . . . which he . . . shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle." Section 11580.2, subdivision (b), which defines the terms used in section 11580.2, subdivision (a), provides in relevant part: "As used in (a) above, 'bodily injury' includes sickness or disease, including death, resulting therefrom; the term 'named insured' means only the individual or organization named in the declarations of the policy of motor vehicle bodily injury liability insurance referred to in (a) above; as used in (a) above the term 'insured' means the named insured and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise, heirs and any other person while in or upon or entering into or alighting from an insured motor vehicle and *any person with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which the policy provisions or endorsement apply* . . . ." (Italics added.) (See generally 4 Witkin, Summary of Cal. Law (8th ed. 1974) pp. 3069-3082.) Appellant argues that she falls within the emphasized "any person" clause.

Appellant relies on Feldman, California Uninsured Motorist Practice (Cont.Ed.Bar 1973) section 1.22. Feldman interprets the "any person" clause as granting "a separate and severable cause of action to persons other than the injured insured who, by reason of the injured person's incapacity, have been required to care for him or have lost his services. The claimant might be a parent, spouse, neighbor, friend, guardian, doctor, nurse, or hospital." This interpretation of section 11580.2, subdivision (b), is not correct.

The "any person" clause does not create a new and independent cause of action against insurance companies. Under the clause, a person may recover damages from an insurer if and only if that person would be legally entitled to recover those damages in tort directly from the owner or operator of the uninsured vehicle. Appellant is not legally entitled to recover damages in tort directly from the uninsured motorist in this case. The elements of a prima facie cause of action for negligence are (1) an act by the defendant; (2) a legal duty to exercise due care owed by the defendant to the plaintiff; (3) the defendant's breach of that duty; (4) injury to the plaintiff; (5) the defendant's breach as the actual or "but for" cause of the plaintiff's injury; (6) the breach as the proximate or legal cause of the injury; and (7) damages to plaintiff. (See *Beauchene* v. *Synanon Foundation, Inc.* (1979) 88 Cal.App.3d 342, 346 [151 Cal.Rptr. 796]; Prosser, Torts (4th ed. 1971) p. 143.)

"Duty" represents the sum total of those policy considerations that lead the law to say that a particular plaintiff is entitled to protection against the conduct of a particular defendant. The questions of duty and proximate cause are sometimes the same. (*Beauchene* v. *Synanon Foundation, Inc., supra,* 88 Cal.App.3d 342, 347.) Principal policy considerations in deciding whether a duty exists include "the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." (*Rowland* v. *Christian* (1968) 69 Cal.2d 108, 113 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496]; *Beauchene* v. *Synanon Foundation, Inc., supra,* 88 Cal.App.3d 342, 347.) The uninsured motorist owed no duty to this appellant, and the motorist's actions were not the proximate cause of any injury to appellant. Appellant's assistance to her recuperating mother was admirable. However, the performance of those services was too remote from the actions of the uninsured motorist to give rise to a cause of action by appellant against the motorist for the value of her services.

Appellant relies on *United States* v. *Hartford Accident & Indemnity Co.* (E.D.Cal. 1970) 320 F.Supp. 648, 649-651, affd. (9th Cir. 1972) 460 F.2d 17. In *Hartford,* a woman was injured in an automobile accident involving an uninsured motorist. She received treatment at a naval hospital, and later settled her claim with her own insurance carrier,

Hartford, under her uninsured motorist coverage. The United States then submitted a claim to Hartford for the amounts spent by the naval hospital in treating her. The district court, interpreting California Insurance Code section 11580.2, subdivision (b), held that the United States was an "insured" under the definition "any person with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which the policy provisions or endorsement apply." However, the *Hartford* decision also involved the Federal Medical Care Recovery Act (42 U.S.C. §§ 2651-2653). That act allows the United States to recover directly from the tortfeasor the reasonable value of the care and treatment provided by the United States to an injured tort victim. No similar statute or other legal authority confers on appellant the right to recover directly from the uninsured motorist in this case. The *Hartford* decision therefore is distinguishable from and consistent with our interpretation of section 11580.2. (See also *Government Employees Insurance Co.* v. *United States* (4th Cir. 1967) 376 F.2d 836, 836-837.)[1]

Appellant argues that a husband may recover from a tortfeasor for loss of services and expenses resulting from injuries to his wife, and a parent may recover for loss of services and expenses resulting from injuries to an unmarried minor child. (See generally Prosser, Torts, *supra,* pp. 888-897; 4 Witkin, Summary of Cal. Law, *supra,* pp. 2627-2633.) By analogy, argues appellant, an adult daughter who does not reside in her mother's home but who voluntarily provides housekeeping services to her recuperating mother should also have a cause of action to recover the value of her services. The analogy is not apt. The husband-wife and parent-child recovery rules cannot be extended to the present setting, for the reasons concerning proximate cause and duty discussed above.

The judgment is affirmed.

Rattigan, Acting P. J., and Poché, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 19, 1979.

---

[1]In response to the *Hartford* decision, the California Legislature amended section 11580.2 to read that the uninsured motorist coverage provided for by the section does not apply "[i]n any instance where it would inure directly or indirectly to the benefit of . . . the United States, or any state or any political subdivision thereof." (See § 11580.2, subd. (c)(4).)