# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Colette Tranchant,
Administrator and
Personal Representative
of the Estate of
Tessa Cristina Tranchant,
deceased

v.

Integon Casualty
Insurance Co.

October 10, 2008

Case No. CL07-5976

BY JUDGE WILLIAM R. O'BRIEN

This case arises out of a tragic car crash in which two people lost their lives, Tessa Tranchant and Alison Kuhnhardt. Alison was driving the car, which was owned by her mother, and Tessa was a passenger. The car was struck from behind by Defendant Alfredo Ramos who was uninsured. Both Tessa and Alison died as a result of the collision. The plaintiff in this case is Colette Tranchant, the personal representative of Tessa's estate and her mother. The primary defendant in this case is Integon Casualty Insurance Company, which issued an automobile insurance policy to Alison's father, David Kuhnhardt. The policy issued by Integon contained uninsured motorist coverage, under which Plaintiff is attempting to recover in this action.

Plaintiff alleges she is entitled to recover from Integon because the policy covered Alison, as a resident of her father's household, and that the terms of the policy extend to cover any other person injured in the accident when an insured person is also covered. Integon does not dispute that Alison was covered by the uninsured motorist provisions, but denies that the coverage

is so broad as to cover Tessa in this situation. Both parties have filed motions for summary judgment which were argued before this Court on August 22, 2008. The clause of the policy at issue provides as follows:

> Part IV: *Uninsured Motorist Insurance; Section II, Persons Insured*
>
> Each of the following is an insured under this insurance to the extent set forth below:
>
> (a) The named insured and, while residents of the same household, the spouse of the named insured, and relatives, wards or foster children or either;
>
> (b) Any other person while occupying an insured motor vehicle; and
>
> (c) Any person, with respect to damage he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.

Plaintiff does not dispute that neither section (a) nor (b) provides insurance coverage to Tessa. Tessa was not the named insured or a relative of the named insured under the Integon policy. Furthermore, the car being driven by Alison was not an insured motor vehicle under the Integon policy; it was insured by Alison's mother with Allstate. The only provision under which Plaintiff can recover is section (c), and the only issue before the Court is whether this provision grants or denies coverage to Tessa as a matter of law. For the reasons stated below, this Court finds the Integon uninsured motorist insurance does not provide coverage to Tessa Tranchant as a matter of law and Defendant's motion for summary judgment is granted. For the same reasons, Plaintiff's motion for summary judgment is denied.

A motion for summary judgment should only be granted if there is no material fact "genuinely in dispute." Va. Sup. Ct. Rule 3:20. In considering a motion for summary judgment, a court must consider the facts in a light most favorable to the nonmoving party. *Carson, ex rel. Meredith v. LeBlanc*, 245 Va. 135, 139 (1993). This case does not involve a disputed issue of fact but is solely a question of contract interpretation which is a question of law. *Palmer & Palmer Co. v. Waterfront Marine Constr., Inc.*, 276 Va. 285, 289 (2008).

Defendant asserts the only reasonable interpretation of section (c) is as a subrogation provision that allows recovery under the contract to someone who has paid money on behalf of an injured person who is included within coverage provided in the preceding sections (a) or (b). Plaintiff alleges the contract provision in question is ambiguous because it can be understood to

provide coverage in at least two different situations. Plaintiff acknowledges that Integon's interpretation is reasonable but also argues section (c) appears to allow recovery to any person who is caused damage in the same incident where an insured under sections (a) or (b) has also sustained injury. Under this interpretation, Plaintiff argues, since Alison was an insured under section (a) and Alison also died in the car accident, Tessa becomes "any person" who also sustained damages.

The general rule is that ambiguities in insurance contracts are construed against the insurer. *Bituminous Cas. Corp. v. Sheets*, 239 Va. 332, 336 (1990). However, there is simply no ambiguity in this contract. Section (c) speaks to the right of someone to recover damages on account of an injury caused to someone covered under sections (a) or (b). Section (c) does not create a right to damages on account of one's own bodily injury but rather creates a derivative right that only exists if someone else covered by the policy has suffered bodily injury. The policy limits the exercise of this derivative right only to those who have suffered damage *because of* the bodily injury caused to such covered person. The only reasonable interpretation of this clause is that it applies when a non-covered person incurs a loss by expending funds on behalf of a covered person who sustained a covered injury. There has been no allegation that Plaintiff has suffered a loss because of Alison's bodily injuries. Plaintiff admitted in written interrogatories that she has made no payments to anyone on account of Alison's bodily injury. Therefore, Plaintiff is not entitled to recover under the Integon uninsured motorist coverage.

There is case law to further support this interpretation of the insurance contract. In *Government Employees Ins. Co. v. United States*, 376 F.2d 836, 837 (4th Cir. 1967), an identical clause was construed to allow the United States to recover medical expenses it spent on behalf of an injured person covered under the insurance policy. The United States had a legal duty to pay the expenses, and the court expressly held that the identical provision granted the United States the right to recover those expenditures under the policy. *Id.*

Accordingly, this Court grants summary judgment to Defendant Integon Casualty Insurance and denies it to Plaintiff.