Madeline **MATHIAS** and William Mathias, Plaintiffs,

v.

**PAN–AMERICAN WORLD AIRWAYS, INC., Defendant.**

Civ. A. No. 70–1143.

United States District Court, W. D. Pennsylvania.

Nov. 2, 1971.

---

John E. Evans, Pittsburgh, Pa., for plaintiffs.

Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant.

## OPINION and ORDER

McCUNE, District Judge.

This is an action by an air passenger and her spouse against an air carrier for personal injury allegedly sustained in a "hard" landing at Brazilia, Brazil.

Plaintiffs have moved for partial summary judgment under Rule 56(d) on the question of liability.[1]

Most of the facts in this case are uncontroverted. The plaintiff wife had purchased a ticket for international air travel from the defendant. The ticket was for a round trip from the United States to Brazil. While traveling pursuant to the ticket from Rio de Janeiro to Brazilia, Mrs. Mathias claims she was injured when the aircraft operated by the defendant made a "hard" landing at Brazilia. Defendant admits everything, including the occurrence of the "hard" landing, but denies that Mrs. Mathias was injured in that landing. Briefly stated defendant contends that Mrs. Mathias has suffered no injury and that if she has it was not caused by the "hard" landing mentioned above.

The parties do not contest that we are governed in this case by the Warsaw Convention,[2] as modified by the Montreal Interim Agreement.[3] Nor is there

---

1. Rule 56(d) Case Not Fully Adjudicated on Motion.
   "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." . Fed.R.Civ.P. 56(d).

2. "Chapter I. Scope—Definitions
   Article 1.
   (1) This convention shall apply to all international transportation of persons * * * performed by aircraft for hire.

   * * * * *
   Chapter III. Liability of the Carrier
   * * * * *
   Article 20.
   (1) The carrier shall not be liable if he proves that he and his agents have taken all necessary measures to avoid the damage or that it was impossible for him or them to take such measures.

   * * * * *
   Article 22.
   (1) In the transportation of passengers the liability of the carrier for each passenger shall be limited to the sum of 125,000 francs. * * * Nevertheless, by special contract, the carrier and the passenger may agree to a higher limit of liability." Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S.No. 876 (1934).

3. "1966 Montreal Interim Agreement
   The undersigned carriers (hereinafter referred to as "the carriers") hereby agree as follows:
   1. Each of' the carriers shall, effective May 16, 1966, include the following in its conditions of carriage, including tariffs

any issue as to the combined effect of these agreements. If the plaintiff's passenger ticket covers international transportation by air and if her flight had its origin or destination in the United States, and finally if she was injured in the course of that flight, then the defendant is strictly liable for an amount not in excess of $75,000.00.[4] Plaintiff's contention is that there is no genuine issue of fact as to any of these three criteria for liability, and therefore, that judgment should be entered on the liability issue. Plaintiff cites as authority an article by Milton B. Sincoff of the New York bar:[5]

> "In ruling on a motion for summary judgment the court's function is to determine whether, * * * a genuine issue exists, not to resolve any existing factual issues; to deny summary judgment where there is a genuine issue as to any material fact; and to grant summary judgment, if at all, where there is no such issue and on the substantive law the movant is entitled to judgment." (footnotes omitted.) 6 Moore, Federal Practice, ¶56.15[1] at 2281–2283 (2 ed. 1966).

In its answer and in its brief on the instant motion, the defendant has taken issue with the allegation that plaintiff was injured in the course of the hard landing. Plaintiff has argued that whether plaintiff suffered injury is really a question of damages.

Plaintiffs' position clearly conflicts with the language of the Convention:

> "The carrier shall be liable for damage sustained in the event of the * * * wounding of a passenger or any other bodily injury suffered by a passenger, *if the accident which caused the damage so sustained* took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Article 17, Convention for the Unification of Certain Rules Relating to International Transportation by Air. 49 Stat. 3000, T.S. No. 876.

In their briefs and arguments, both counsel have spoken in terms of whether plaintiff was *injured*. The confusion arises from this duel usage of the word injury. The plaintiff is talking of damages when using the term. The defendant on the other hand uses the same

---

embodying conditions of carriage filed by it with any government.

"The Carrier shall avail itself of the limitation of liability provided in the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw October 12, 1929, or provided in the said Convention as amended by the Protocol signed at the Hague September 28th, 1955. However, in accordance with Article 22(1) of said Convention, or said Convention as amended by said Protocol, the carrier agrees that, as to all international transportation by the carrier as defined in the said Convention which, or said Convention as amended by said Protocol, according to the contract of carriage, includes a point in the United States of America as a point of origin, point of destination, or agreed stopping place.

"(1) The limit of liability for each passenger for death, wounding or other bodily injury shall be the sum of U. S. $75,000 inclusive of legal fees and

costs, except that, in the case of a claim brought in a state where provision is made for separate award of legal fees and costs, the limit shall be the sum of U. S. $58,000 exclusive of legal fees and costs.

"(2) The carrier shall not, with respect to any claim arising out of the death, wounding, or other bodily injury of a passenger, avail itself of any defense under Article 20(1) of said Convention or said Convention as amended by said Protocol." 31 Fed.Reg. 7302 (1966).

4. Carriers can apparently still assert the defense of contributory negligence since the Interim Agreement does not waive Article 21 of the Warsaw Convention. Also, if the recovery is sought by or on behalf of one who willfully caused the injury, the carriers expressly reserve any defense to liability.

5. Sincoff, *Absolute Liability and Increased Damages in International Aviation Accidents*, 52 A.B.A.J. 1122 (1966).

term but is actually talking about causation. The question presented by this motion is, did the hard landing *cause* any injury to the plaintiff? (See above quoted portion of Article 17 of the Warsaw Convention).

The defendant does not admit that the hard landing caused any injury. We certainly cannot resolve such factual dispute properly on a summary judgment motion. Plaintiff's motion must therefore be denied.

This opinion shall constitute our Order.