**Jeannette C. McCUNE and Roy W. McCune, Plaintiffs,**

v.

**SPANTAX, S.A. TRANSPORTES AEREOS, Defendant.**

**No. 73 Civil 2212.**

United States District Court,
S. D. New York.

March 7, 1975.

Fuchsberg & Fuchsberg, New York City, for plaintiffs; Norman Leonard Cousins, New York City, of counsel.

Condon & Forsyth, New York City, for defendant; Stephen J. Fearon, Marshall S. Turner, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff, Jeannette C. McCune, was injured on an airplane owned and operated by defendant, Spantax, S.A. Transportes Aereos, a Spanish corporation, while enroute from Palma, Spain, to Madrid, Spain. Alleging that her injuries were due to turbulence, she and her husband, who accompanied her on the trip, seek recovery of damages. Plaintiffs move for summary judgment solely on the issue of liability, contending that she was on "international transportation," so as to make applicable the Warsaw Convention,[1] which imposes strict

1. 49 U.S.C. § 1502. Article 1(1) provides that the Convention "shall apply to all international transportation of persons . . .."

liability on the defendant carrier for injuries sustained while aboard the defendant's aircraft.[2] In the absence of any affirmative plea by defendant of contributory negligence, plaintiffs contend that on the issue of liability they are entitled to relief.

Defendant Spantax opposes the motion, contending that there are issues as to whether the flight from Palma to Madrid was "international transportation" within the meaning of the Warsaw Convention or whether it was domestic transportation, to which the Warsaw Convention does not apply.[3] Spantax contends that the resolution of this issue revolves about the contractual relationship between it and plaintiffs, which requires the determination of such disputed fact issues as whether the parties did enter into a contract; where it was made; whether the transportation was regarded by the parties as a single operation in which the plaintiffs flew from New York to Palma to Madrid and back; also whether the parties had a "series of contracts," or different parties agreed to separate and independent contracts.

■■ Finally, defendant urges that even if it is found that the injured plaintiff was on a flight of "international transportation" at the time of the alleged injury, nonetheless summary judgment may not be granted because two other genuine fact issues are in dispute: whether (1) there was turbulence which caused plaintiff's injury; and (2) plaintiff herself was contributorily negligent.[4] Since the defendant has failed to plead contributory negligence as an affirmative defense, as required by Rule 8(c) of the Federal Rules of Civil Procedure, this defense may not be considered.[5] Even so, summary judgment may not be granted, since there is a genuine issue as to turbulence, and, if so, whether that was the cause of plaintiff's injury.[6] The sole affidavit submitted in support of plaintiffs' motion is that of the husband, who states that the plane suddenly encountered severe turbulence, and that his wife was thrown to the ceiling of the plane and then thrown vio-

---

2. Article 17 of the Convention provides:
   "The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft . . . ."

3. Article 1(2) defines "international transportation" as follows:
   "For the purposes of this convention the expression 'international transportation' shall mean any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation . . ., are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty . . . of another power . . . ."
   Article 1(3) in turn provides:
   "Transportation to be performed by several successive air carriers shall be deemed, for the purposes of this convention, to be one undivided transportation, if it has been regarded by the parties as a single opera-

tion, whether it has been agreed upon under the form of a single contract or of a series of contracts, and it shall not lose its international character merely because one contract or a series of contracts is to be performed entirely within a territory subject to the sovereignty . . . of the same High Contracting Party."

4. Article 21 of the Convention provides:
   "If the carrier proves that the damage was caused by or contributed to by the negligence of the injured person the court may, in accordance with the provisions of its own law, exonerate the carrier wholly or partly from his liability."

5. See, e. g., Trio Process Corp. v. L. Goldstein's Sons, Inc., 461 F.2d 66, 74 (3d Cir.), cert. denied, 409 U.S. 997, 93 S.Ct. 319, 34 L.Ed.2d 262 (1972); Radio Corp. of America v. Radio Station KYFM, Inc., 424 F.2d 14, 17 (10th Cir. 1970); Roe v. Sears, Roebuck & Co., 132 F.2d 829, 832 (7th Cir. 1943); United States v. Commercial Union Ins. Group, 294 F.Supp. 768, 772 (S.D.N.Y. 1969).

6. See Mathias v. Pan-American World Airways, Inc., 53 F.R.D. 447 (W.D.Pa.1971).

lently to the floor. The defendant has submitted an affidavit of the head stewardess on the flight, who states that ten minutes after the takeoff she observed the plaintiff on the floor of the plane, and that prior thereto the aircraft had not encountered any severe turbulence, or any violent or abrupt movements.

In addition to the issues of turbulence and causation, there is a genuine issue as to whether Spantax and the plaintiffs regarded plaintiffs' round trip flight between New York, Palma, and Madrid as a "single operation" within the meaning of Article 1(3).[7] This issue turns largely upon whether American International Travel Service, Inc. ("AITS"), which offered the flights to the plaintiffs as part of an eight-day "Majorcan Carnival," was acting as an agent of Spantax at the time. The relation between Spantax and AITS is unclear upon the present record.

The motion for summary judgment is denied. The case is placed on the call calendar of this Court on March 20, 1975, at which time a trial date will be scheduled.

7. Note 3 *supra.*